(108 App. Div. 17.)

SCHNIZER v. PHILLIPS.

(Supreme Court, Appellate Division, Second Department.  October 12, 1905.)

1. NEGLIGENCE—PERSONS INVITED ON PREMISES—CARE REQUIRED.
    One in control of premises and serving meals thereon was bound to have the premises in a reasonably safe condition.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 42, 52.]

2. SAME—ACTION—EVIDENCE—BURDEN OF PROOF.
    Where the structure on which defendant served meals and which was under his control gave way, injuring a customer, defendant was liable, in the absence of a showing on his part of a condition of facts establishing a reasonable degree of care to make the premises safe.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 42, 52, 59.]

Appeal from Trial Term, Kings County.

Action by Julia Schnizer against Louis A. Phillips.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT. WOODWARD, RICH, and MILLER, JJ.

Louis J. Altkrug, for appellant.
Alexander Rosenthal, for respondent.

WOODWARD, J.  The defendant, Phillips, was the lessee of the Iron Pier at Rockaway Beach, and his lessors in the season of 1902 erected a new platform, 30 feet by 90 feet, alongside of the Iron Pier. This new platform or extension of the pier was completed in the month of May, and the defendant, Phillips, constructed upon such new platform a covering of wood and threw the same open to the public for the purpose of serving meals.  On the 25th day of May, 1902, the plaintiff, with her escort and others, was seated at a table upon this platform, some 10 or 12 other tables being likewise occupied, when the platform collapsed, and she sustained injuries resulting in 6 months' illness, a considerable doctor's bill, etc., for which she has recovered a judgment of $1,000.

The law is well settled in this state that, where a party in possession of premises throws the same open to the public for the purpose of gain, he impliedly warrants the premises to be reasonably safe for the purposes for which they were designed; and where, as in the case at bar, the plaintiff is injured by the fall of a structure which she is using at the invitation of the person in charge, and in the manner which such person had a right to expect the same would be used, the burden of explaining the cause of the accident and of showing freedom from negligence is upon the defendant.  The plaintiff was upon this platform for the purpose of eating a meal.  She was there because the defendant impliedly stated to her that the place was safe for that purpose and it was the duty of the defendant to have the premises in a reasonably safe condition.  The platform fell, the plaintiff was injured, and, the defendant having failed to show a condition of facts establishing a reasonable degree of care to make the premises what he had held them out to be, he

was properly chargeable with liability for the injuries sustained.  Fox v. Buffalo Park Association, 21 App. Div. 321, 47 N. Y. Supp. 788, affirmed 163 N. Y. 559, 57 N. E. 1109.

An examination of the various questions suggested by appellant's brief fails to disclose reversible error, and the judgment and order should be affirmed, with costs.  All concur.