Bertha L. Bellinger, Respondent, v. William Broad-
head, Sheldon B. Broadhead and Almet N. Broad-
head, Appellants.

(County Court, Chautauqua County, November, 1906.)

Carriers — Carriage of passengers — Liability for personal injuries to
passengers — Condition and care of premises — Steamboat dock.

> While plaintiff was upon the main dock of a steamboat com-
> pany under the control of defendants awaiting the arrival of
> a boat upon which she expected to take passage a storm arose
> and she, with others, in search of shelter, went upon a structure
> built upon piles and connected with another and partly-roofed dock
> upon which were the ticket office and seats for the public; and,
> while upon said structure, the timbers beneath gave way and
> plaintiff was precipitated into the water. In an action to re-
> cover for personal injuries and damages to her clothing, the
> evidence tended to show that the joists supporting the plank-
> ing of the structure had become rotten and that the same had
> been constructed of rotten material and that an inspection of
> such parts before the accident would have revealed their condition.
> The testimony that the accident was due to a sudden and unusual
> weight upon the parts affected, caused by the presence of a large
> number of people, producing a strain beyond the ordinary uses of
> the passageway and in a manner not contemplated, was conflicting.
> Held that a verdict for plaintiff should be affirmed.

Appeal from a judgment of the Justice's Court rendered
in favor of plaintiff.

Jerome B. Fisher, for appellants.

Freeman L. Morris, for respondent.

Ottaway, J. The defendants are copartners doing busi-
ness under the name of the Celeron Amusement Company.
They have been engaged in the business of furnishing en
tertainment for the public at Celeron on Chautauqua lake.
They have had control and supervision of the grounds and
the docks leading therefrom into Chautauqua lake. These
docks have been used for many public purposes. There was

County Court, Chautauqua County, November, 1906. [Vol. 52.

a principal structure extending into the lake several hundred feet. Upon this dock was the line of an electric railroad. Steamboats received and landed passengers from it. Connected with this dock by a structure upon piles was another dock at which smaller boats landed; upon this the steamboat company had a ticket office for the sale of tickets. A portion of this dock was under roof; seats were provided for the public. Thousands of people frequented these docks during the season. Their use seems to have been unrestricted.

Upon the 31st day of July, 1904, the plaintiff was upon the main dock awaiting the arrival of the steamboat upon which she expected to take passage. A storm arose and in search of shelter the plaintiff, with others, went upon the structure connecting the two docks, and while upon it the timber beneath gave away, precipitating the plaintiff into the water, by reason of which she received injuries to her person and damages to her clothing for which she has recovered a judgment in Justice's Court.

There was evidence tending to show that the joists supporting the planking had become rotten and that the same had been constructed of shaky material, and that an inspection of these parts before the accident would have revealed this condition.

It is the contention of the appellants that this proof has been overcome by the defendants, and that the judgment rendered by the justice is against the weight of evidence. While the defendants have produced much testimony upon this proposition, the court would not be justified in reversing this judgment upon the facts.

A court on appeal cannot set aside a judgment merely because upon the record they would feel constrained to find the other way. It must appear judicially from the record that the findings are against the weight and preponderance of evidence to the extent that it can determine that the trial court could not reasonably have arrived at the conclusion expressed in the decision. Murtagh v. Dempsey, 85 App. Div. 206; Sanger v. French, 157 N. Y. 213; Foster v. Bookwalter, 152 id. 166.

There was ample proof in this case to sustain a finding

in favor of the plaintiff. The credibility of witnesses is peculiarly within the realm of the trial court.

The defendants were bound to use reasonable prudence and care to keep their property in such condition that those who went upon their docks would not be injured. Oceanic Steam Navigation Co. v. Compania Co., 134 N. Y. 461; Newell v. Bartlett, 114 id. 400.

What is reasonable care depends upon the circumstances of each particular case. When docks are thrown open for the use of the public a general license is conferred upon anybody to use them for all lawful purposes, and where this is done for the purposes of gain there is an implied warranty that the premises are reasonably safe for the purposes for which they were designed.

When the plaintiff is injured by the fall of a structure which he is using at the invitation of the person in charge, and in the manner which such person had the right to expect the same would be used, the burden of explaining the cause of the accident and of showing freedom from negligence is upon the defendant. Schnizer v. Phillips, 108 App. Div. 17; Fox v. Buffalo Park, 21 App. Div. 321; affd., 163 N. Y. 559.

The defendants seem to have recognized this principle and upon the trial attempted to show that the accident was due to a sudden and unusual weight upon the parts affected, caused by the presence of a large number of people, producing a strain beyond the ordinary uses of the passageway and in a manner not contemplated. This evidence was disputed by the rehearsal of contrary facts by the plaintiff. This raised an issue for the determination of the trial court. Its finding in favor of the plaintiff is conclusive under the circumstances of this case.

The judgment is affirmed with costs to the respondent.

*Judgment affirmed, with costs to respondent.*