### BAYLEY v. CURTIS BROS. LUMBER CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. NEGLIGENCE—PERSONS INVITED ON PREMISES—CONSTRUCTIVE NOTICE OF DEFECTS OF PREMISES.

Plaintiff, while at the lumber yard of defendant to buy lumber, was precipitated to the ground by the breaking of a step in a flight of steps. The evidence showed that the steps were old and cracked and weather-beaten, and that there were no banisters. *Held*, that the question whether defendant had notice of the defect, and was therefore liable for the injury, was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 279–286.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

One who is at the place of business of another at the latter's invitation may use a flight of steps without being chargeable with negligence, where such use is necessary to complete his business, though the steps look old and worn; no warning having been given.

3. SAME—PERSONS INVITED ON PREMISES—CARE REQUIRED.

Where one in possession of premises throws the same open to the public for the purpose of gain, he impliedly warrants the premises to be reasonably safe for the purpose for which they are designed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 42.]

Appeal from Municipal Court of New York.

Action by Andrew Bayley against the Curtis Bros. Lumber Company. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Lewis D. Mooney and Jeremiah J. Coughlan, for appellant.
George F. Alexander, for respondent.

WOODWARD, J.   The action was brought for negligence. The plaintiff went to the lumber yard of the defendant to buy some mouldings.   These were kept in a separate building, to enter which it was necessary to ascend a short flight of steps.   On his return the plaintiff was precipitated to the ground by the breaking of a piece from the second step.   The plaintiff testified that there were no banisters, and that the steps were old and cracked and weather-beaten.   That part of the plaintiff's testimony as to his fall and the breaking of the step is corroborated by the defendant's witness Cheatham, who said he heard the step crack and saw the plaintiff fall.

I am of the opinion that the dismissal of the complaint on the ground that the defendant had no notice of the defect was error; for it seems to me that there was here just such constructive notice as the law contemplates.   That the plaintiff sustained severe injuries, which laid him up for several weeks, was not disputed at the trial; and, unless contributory negligence on his part was plainly shown, it seems to me that the only other question in the case, whether or not the defendant had constructive notice of the defect, was one for the jury.   It nowhere appears that the plaintiff was careless or negligent.   He was at the defendant's place on business, at the defendant's invitation, and, even though the steps looked old and worn, he had the right to use them, when such use was necessary to complete his business, without the imputation of negligence.   He could not be supposed to anticipate the breaking of the step.   Had he been warned, or had the steps been protected by a railing, the situation would have been different.

The defendant was in a better position to know the condition of the steps than the plaintiff.   The plaintiff was loaded with mouldings, and seems to have exercised as much care as a reasonably prudent man would use under the circumstances.   The plaintiff is entitled to a hearing before a jury.   It would be provocative of much injustice to establish a precedent which would leave without remedy the individual who, with no fault of his own, had sustained injuries in some shop or place of business, because such premises were not kept in that reasonably safe condition which the public has a right to expect.   As was said in Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478:

"The law is well settled in this state that, where a party in possession of premises throws the same open to the public for the purpose of gain, he impliedly warrants the premises to be reasonably safe for the purposes for which they were designed."

The judgment of the Municipal Court, dismissing the complaint, should be reversed, and a new trial ordered; costs to abide the event.   All concur.