### ROTH v. G. A. FELD CO.

(Supreme Court, Appellate Term.　May 15, 1908.)

NEGLIGENCE—OMISSIONS CONSTITUTING NEGLIGENCE—FAILURE TO KEEP PREMISES IN REPAIR.

> Where a plumber went to defendant's establishment to buy a piece of pipe, and upon the invitation of one in authority went to the top of the building to get it, and in coming down a dark flight of stairs was injured, by tripping over a large spike projecting from a landing, defendant was liable, since the invitation justified plaintiff in assuming that defendant had observed its duty to keep the stairs in a reasonably safe condition.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 59.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Fred Roth against the G. A. Feld Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Winter & Winter, for appellant.
Frank H. Smiley, for respondent.

GILDERSLEEVE, P. J. I agree to an affirmance of the judgment herein. The invitation from defendant to the plaintiff to use the stairs in question justified the plaintiff in assuming that they were not dangerous, since it was the duty of the defendant to maintain them in a reasonably safe condition. The proof introduced by plaintiff established a prima facie case of negligence on the part of the defendant,

and in the absence of any explanation by the defendant the plaintiff was entitled to judgment. Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478.

The judgment should be affirmed, with costs.

GREENBAUM, J., concurs.

GIEGERICH, J. (concurring). The plaintiff, a plumber, went to the defendant's premises to purchase a piece of pipe to be used in making a water back for a range, and upon the invitation of Mr. Feld, to whom the order was given, he went to the top floor to get it; the building being about four stories high. He got the pipe and was coming down the flight from the second story to the ground floor. On the landing there was a large spike projecting, over which he tripped, cutting his hand, and has not been able to do any work since. The plaintiff further testified that there was no light at the place where the accident happened, that the stairs were dark, and that he did not see any railing. The defendant did not call any witnesses, and judgment was rendered in favor of the plaintiff for $274.41 damages and costs.

A reversal of the judgment is sought on the ground that there is an absence of proof that the defendant knew of the existence of the nail in the stairway, or that it had existed for so long a time prior to the happening of the accident as to charge him with constructive knowledge of its existence. A similar point was recently raised in Bayley v. Curtis Bros. Lumber Co. (Sup.) 108 N. Y. Supp. 937, and determined adversely to the contention of the appellant. There the plaintiff went to the lumber yard of the defendant to buy some mouldings. These were kept in a separate building, to enter which it was necessary to ascend a short flight of stairs. On his return the plaintiff was precipitated to the ground by the breaking of a piece from the second step. The complaint was dismissed at the close of the plaintiff's case, and in reversing such determination the court, speaking through Woodward, J., said (page 938):

"I am of the opinion that the dismissal of the complaint on the ground that the defendant had no notice of the defect was error; for it seems to me that there was here just such constructive notice as the law contemplates. * * * The defendant was in a better position to know the condition of the steps than the plaintiff. The plaintiff was loaded with mouldings, and seems to have exercised as much care as a reasonably prudent man would use under the circumstances. The plaintiff is entitled to a hearing before a jury. It would be provocative of much injustice to establish a precedent which would leave without remedy the individual who, with no fault of his own, had sustained injuries in some shop or place of business, because such premises were not kept in that reasonably safe condition which the public has a right to expect."

Applying the logic of the foregoing decision to the present case, it is apparent that no error was committed.

The judgment should therefore be affirmed, with costs.