## WEINER v. SCHERER.

(Supreme Court, Appellate Term. June 25, 1909.)

**1. APPEAL AND ERROR (§ 927\*)—REVIEW—DISMISSAL OF COMPLAINT.**
Where a complaint is dismissed, every reasonable inference must be drawn in favor of plaintiff that the evidence will warrant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 3748; Dec. Dig. § 927.\*]

**2. NEGLIGENCE (§ 32\*)—PERSONS INVITED ON PREMISES—CARE REQUIRED.**
One in possession of premises, who opens them to the public for gain, impliedly warrants the premises to be reasonably safe for the purposes for which they are designed.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.\*]

**3. THEATERS AND SHOWS (§ 6\*)—INJURY TO SPECTATOR—ACTIONS—SUFFICIENCY OF EVIDENCE.**
In an action for injuries from the falling of a balcony in a moving picture show, evidence *held* to require submission to the jury or court.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 6.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Weiner against Stephen J. Scherer. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Moses N. Schleider (Abraham Oberstein, of counsel), for appellant. James, Schell & Elkus (Abram I. Elkus and Carlisle J. Gleason, of counsel), for respondent.

GILDERSLEEVE, P. J. The plaintiff's complaint was dismissed herein after he had made an offer in open court to prove the facts claimed by him to constitute a cause of action against the defendant, and which facts the defendant substantially admitted to be true, but claimed that, if true, they did not show a liability on the part of the defendant, and asked for a dismissal. The facts are therefore undisputed. The defendant conceded that there was no contributory negligence on the part of the plaintiff.

On December 12, 1908, the defendant was engaged in giving entertainments known as moving picture shows at 125 Rivington street, this city, for which he charged an admission fee. In addition to the lower floor space there was a balcony, around the front side of which there was a railing. On that day the plaintiff paid an admission fee and entered the premises for the purpose of viewing the entertainment. It was about 7:30 p. m. when he went in, and he was shown to this balcony by one of the defendant's ushers. At this time the balcony, which had a seating capacity for not more than 50 people, was not fully occupied. Soon after his entrance, desiring to change his seat, he was shown to a seat on the lower floor by an usher, and took a seat in the orchestra in the fifth row from the stage and one seat west of the aisle.

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As he came from the balcony he observed a considerable number of people going into the balcony. Shortly after the plaintiff had been seated, the rail of the balcony gave way, and several of the people who were standing in the balcony against the rail fell; some falling upon the plaintiff, causing the injuries complained of. At the time the rail gave way there were nearly 250 people in the balcony, of which about 200 were standing; "every inch of the space in the balcony being occupied, as well as that of the aisle and stairway, making exit" as well as entrance difficult. The fall of the people was caused by their pressing against the rail of the balcony, which caused the rail to give way or bulge, so that the people fell through it.

The law is well settled that where a complaint is dismissed every reasonable inference must be drawn in favor of the plaintiff that the evidence will warrant. It is clear that the cause of the accident was the dangerous overcrowding of the balcony, which the defendant allowed. This case seems to come well within the rule laid down in Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478, in which the court said:

"The law is well settled in this state that, where a party in possession of premises throws the same open to the public for the purpose of gain, he impliedly warrants the premises to be reasonably safe for the purposes for which they were designed; and where, as in the case at bar, the plaintiff is injured by the fall of a structure which she is using at the invitation of the person in charge, and in the manner which such person had a right to expect the same would be used, the burden of explaining the cause of the accident and showing freedom from negligence is upon the defendant."

See, also, Edwards v. N. Y., N. H. & H. R. R. Co., 98 N. Y. 245, 253, 50 Am. Rep. 659, and Bellinger v. Broadhead, 52 Misc. Rep. 57, 102 N. Y. Supp. 381.

The respondent submits a voluminous brief, and seems to have been diligent in his search for authorities; but every case cited by him is easily distinguishable from the facts in the case at bar. He says:

"No claim is made that the accident was caused by the number of people in the premises, and the defendant cannot be held liable upon that ground, because the accident was not caused by the number of people, but by the heedless action of a small portion of that number."

This is not the fact. The defendant permitted the balcony to be taxed, not only to its entire seating capacity, but the entire space not occupied by the seated people was taken up by the standees. This balcony may have been, and probably was, sufficient to answer all the ordinary and legitimate requirements put upon it; but the negligence of the defendant is based upon the character of its use at the particular time of the accident. The defendant must be assumed to have known the capacity of the balcony, and he had no right to permit it to become so overcrowded as to cause undue pressure upon the rail. The pressing forward of the people to view the performance was also to be expected, and that this would naturally be done by the standees should have been anticipated, and the admission of a much greater number of people than the balcony as in ordinary use was intended to contain, with the certainty that every standee would naturally seek a position against the rail, or as close to it as possible, together with the other un-

disputed facts shown herein, made it a question for submission to the jury or the court, and the complaint should not have been dismissed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.