(85 Misc. Rep. 376)

FRIEDMAN v. RICHMAN et al.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

LANDLORD AND TENANT (§ 164*)—INJURIES TO PERSONS ON DEMISED PREMISES —LIABILITY OF LANDLORD.

　　Defendants, the general lessees of a building, let an auditorium therein to a religious society, and during its use plaintiff, who was attending exercises therein, was injured by the fall of the balcony. *Held* that, while one who lets out property for public purposes is under a duty to see that it is reasonably safe, mere proof of the accident, without any showing whether the auditorium was in defendant's control while used by the society, will not establish defendants' liability.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630– 637, 639, 641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Bertha Friedman against Julius Richman and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

James J. Mahoney, of New York City, for appellants.

Louis Boehm, of New York City, for respondent.

PAGE, J. The defendants are lessees of a building at 62 East 106th street in the city of New York. In the building was a hall or auditorium, which was used during a few days' celebration of a Hebrew festival by a society or congregation known as Talmud Torah for the purpose of holding religious services. The plaintiff paid $2.50 to the Talmud Torah, and obtained therefor a ticket, which permitted her to attend the said services and reserved for her seat No. 1 in the balcony of the hall. While the balcony was being filled, and before it was crowded, it collapsed, dropping the plaintiff, who was an old woman of 70 years or more, to the floor below, from which she sustained serious injuries.

The plaintiff at the trial merely proved the fall of the balcony, and relied upon an admission of the defendants in their pleadings that they

were lessees of the building to fasten upon them a liability for the accident, under the theory of res ipsa loquitur. The defendants, at the close of the plaintiff's case, moved to dismiss the complaint, on the ground that it was not shown that they were in possession or control of the premises at the time of the accident, or had any knowledge or notice of a defect in the balcony. This motion was denied. The plaintiff then moved for leave to reopen her case and prove the arrangement pursuant to which the Talmud Torah was using the premises, which motion was likewise denied, and the defendants then resting, and renewing their motion to dismiss, the case was sent to the jury, who returned a verdict for the plaintiff for $500 damages, after a charge from the court in effect that the doctrine of res ipsa loquitur was applicable, and established a prima facie case of negligence in the defendants. This was equivalent to a direction to find for the plaintiff and assess the damages, since the happening of the accident in the manner testified to was not disputed, and no evidence on behalf of the defendants was adduced.

I am of the opinion that this was error, and that the plaintiff was not entitled to recover under the facts proved. It appeared from the testimony that, though the defendants were general lessees of the building, they had rented the hall in question to the Talmud Torah, so that for the purposes of this action they stood in the position of landlords to their sublessees. Under ordinary circumstances the landlord is not responsible for personal injuries sustained upon the demised premises, arising from defects therein, in the absence of proof that they were under his control or some other special circumstances to charge him with liability. MacAdam on Landlord and Tenant (4th Ed.) page 1609, and cases there cited.

The plaintiff, however, seeks to impose liability upon these defendants under a well-established rule of law, affirmed by numerous cases, which holds that, where one lets out property for public purposes such as an assembly hall or place of public entertainment, he is under a duty to the public to see that it is reasonably safe for that purpose. Camp v. Wood, 76 N. Y. 92, 32 Am. Rep. 282; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478; Fox v. Buffalo Park, 21 App. Div. 321, 47 N. Y. Supp. 788, affirmed 163 N. Y. 559, 57 N. E. 1109. While this rule of liability is too well established to be questioned, I know of no case which has held a lessor liable without proof either that the defect in the premises existed at the time of the hiring, or that the lessor was in possession or control of the premises and responsible for their repair and maintenance in good condition. In Edwards v. N. Y., N. H. & H. R. R. Co., 98 N. Y. 245, 50 Am. Rep. 659, the lessor of a "garden" for the purpose of holding walking races was held to be not responsible for damages occasioned by the falling of a gallery upon certain spectators. In that case the Court of Appeals said, at page 248 of 98 N. Y. (50 Am. Rep. 659):

"If a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. If he demises premises, knowing that they are dangerous and unfit for the use for which they are hired, and fails to disclose their condition, he is guilty of neg-

ligence, which will in many cases impose responsibility upon him. If he creates a nuisance upon his premises, and then demises, then he remains liable for the consequences of the nuisance as the creator thereof. * * *"

The court then proceeded to hold, after citing and discussing various authorities, that since the lessee was in control, and had the right to support the gallery with props, if they were needed, and the lessor had no right to enter for the purpose of making repairs, and the lessor had no reason to know that the gallery was unsafe, the lessor was not liable.

In the case at bar we have nothing to fix liability upon the defendants, but the fact of the accident itself, totally unexplained. It is not shown that there was an existing defect in the balcony at the time of the lease to the Talmud Torah. The nature of the Talmud Torah's possession does not appear. It does not appear whether the defendants retained control of the premises, merely licensing the Talmud Torah to hold the services and collect the fees from the congregation, or whether the Talmud Torah held under a lease which deprived the defendants of the right to enter and make repairs, and imposed the duty of keeping the place in repair upon the lessees. From a mere happening of the accident, totally unexplained, I do not think even a prima facie liability is imposed upon the defendants, from the bare fact that they are lessees of the property, unaccompanied by proof of the additional fact that they were in possession or control, or some other fact which would charge them with responsibility.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.