### LEVY v. MARKET & FULTON NAT. BANK.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

NEGLIGENCE ⬅️44—VESTIBULE OF OFFICE BUILDING—INJURY TO PERSON MOVING FURNITURE—LIABILITY OF OWNER.

Evidence that in consequence of a snowstorm ice formed in the vestibule of an office building did not render the owner thereof liable for injuries to a person who slipped on the ice while assisting in moving furniture from the building, especially where there was no proof of freedom from contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 59; Dec. Dig. ⬅️44.]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac C. Levy against the Market & Fulton National Bank. From judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

William A. Jones, Jr., of New York City (David M. Wolff, of New York City, of counsel), for appellant.

McDowell & Kennedy, of New York City (James F. O'Niell, of counsel), for respondent.

GUY, J. On March 2, 1914, the plaintiff assisted in the moving of furniture from an office building in the borough of Manhattan to the Pennsylvania Railroad. One load of furniture was taken away about 11 o'clock, and between 2 and 3 o'clock in the afternoon plaintiff returned to complete the job. The plaintiff and one Gorman were carrying a desk from the building into the street, the plaintiff walking backward and Gorman facing the street, and, apparently in the vestibule, between the outer doors and the inner doors of the building, the plaintiff slipped and fell, sustaining the injuries complained of.

There was a severe snowstorm on the 1st of March, which continued all that day and down to about 6 o'clock of the morning of the 2d. The snow was over a foot deep and the wind was high; plaintiff's witness Gorman stating that there was a "small blizzard," causing lots of

trouble with traffic, and blowing snow into the building when the outer door was open. The plaintiff testified that there was ice "on the inside of the building, the first door coming out"; that the condition of the floor around the inside of the door and underneath the roof, when he was taking away the second load of furniture, was snow and ice; "it stuck right to the tile floor; I should judge an inch or a little over an inch." Asked by his counsel, "How far did the snow and ice extend at that particular point on the inside of the building?" he answered, "Well, I should judge about half an inch, to my knowledge, the way it lay there." He also stated that every time he went in and out "they held the door open."

The facts fail to disclose a breach by the defendant of any duty owing to the plaintiff. The obligation of the defendant to the plaintiff was in no respect more onerous than the duty owing to the tenants of its building, and reasonable care under the circumstances was the full measure of defendant's liability. The mere fact that under the prevailing atmospheric conditions ice formed in the vestibule in the building was not sufficient to fix liability on defendant. But, assuming that on the question of defendant's negligence there was sufficient evidence to go to the jury, there is an entire failure of proof showing freedom from contributory negligence.

In the situation presented the cases relied upon by the respondent, wherein persons were injured at places thrown open to the public for the purpose of gain or public amusement (Barrett v. Lake Ontario Beach Improvement Co., 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829; Lusk v. Peck, 132 App. Div. 426, 116 N. Y. Supp. 1051; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478; Baylay v. Curtis Bros. Lumber Co., 124 App. Div. 496, 108 N. Y. Supp. 937; Higgins v. Ruppert, 124 App. Div. 530, 108 N. Y. Supp. 919), are not applicable.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs, upon first ground stated in opinion. WHITAKER, J., dissents.