[No. 6885. Decided November 8, 1907.]

MARY J. CONNELL, *Respondent*, v. SEATTLE, RENTON &
SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

CARRIERS—PASSENGERS—DEGREE OF CARE—INSTRUCTIONS. It is not
error to instruct that the highest degree of care and skill owed by a
street railway company to its passengers is that which would be
exercised by "very" careful and experienced conductors and motor-
men generally.

SAME — PLEADING — PRESUMPTIONS — INSTRUCTIONS — BURDEN OF
PROOF. The fact that a complaint, in an action for injuries from a
street car collision, is general in its terms, specifying no particular
acts, does not preclude the presumption of negligence from the fact
of the collision, and the jury is properly instructed that they may
find for the plaintiff if the defendant's proof fails to overcome such
presumption.

NEW TRIAL—GROUNDS—MISCONDUCT OF PARTY. It is not miscon-
duct on the part of the plaintiff, in a personal injury case, which
would warrant a new trial, that, during an extended argument to
the jury on behalf of the defendant, plaintiff, who was very nervous
as a result of her injuries, burst into a crying spell, and was taken
out of court in view of the jury.

DAMAGES—PERSONAL INJURIES—EXCESSIVENESS. A verdict for
$3,500 for damages sustained by a woman in a street car collision
is not excessive, where it appears that she was standing in a car
crowded full, was thrown violently in the mass of passengers,
bruised and injured on her side, and about her ribs and spine, and
rendered nervous and unable to earn her living, at her former or
any other vocation.

Appeal from a judgment of the superior court for King
county, Steiner, J., entered April 3, 1907, upon the verdict

[1]Reported in 92 Pac. 377.

of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a street car collision. Affirmed.

*Sachs & Hale*, for appellant.

*Jackson Silbaugh*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries received by the plaintiff in a collision on the defendant's railroad. The defendant owns and operates an electric railway between the city of Seattle and the town of Renton. The plaintiff was a passenger upon one of the defendant's cars when it was met upon the same track by what was known as the "line car." This was a box-like car, used for carrying freight, and was not employed for passenger service. The passenger car upon which the plaintiff was riding was moving over the track, the grade of which was practically level. Two or three blocks in front of this car the track began a steep ascent upon a grade of at least eleven per cent, and perhaps more. The line car was coming down this grade when, for some reason, its operator failed to control it. The wheels slid and the brakes failed to hold it or to check its speed. The car moved down the hill at a high rate of speed, checked somewhat after reaching the level, and plunged head on into the passenger car, causing the plaintiff's injuries. The defendant denied negligence on its part, and after a trial before a jury, a verdict was returned for plaintiff in the sum of $3,500, for which amount judgment was entered. The defendant has appealed.

It is assigned that the court erred in refusing to give the following instruction:

"With respect to the degree of care owed by the defendant to its passengers, you are instructed that the duty enjoined by the law upon defendant's conductors and motormen does not require the exercise of the highest degree of care possible to avoid an accident, but only the highest degree of care reasonably practicable under the circumstances and conditions

existing at the time and place in question. By the terms "highest degree of care," used in these instructions, is meant that degree of care which would be exercised under like circumstances by careful, prudent and experienced conductors and motormen generally."

The substance of the above instruction was given in the following modified form:

"But the defendant is not an insurer of the safety of its passengers in any and at all events. If its motormen exercised the highest degree of care to avoid the accident which is reasonably practicable under the circumstances and conditions existing at the time and place in question, the demands of the law are satisfied. By the term 'highest degree of care' used in these instructions is meant that degree of care which would be exercised under like circumstances by very careful, prudent and experienced conductors and motormen generally."

We think all essential points covered by the instruction as requested were effectively covered in the instruction as given in the modified form. The instruction as given is criticized because the court characterized the term "highest degree of care" as that which would be exercised under like circumstances by "very careful, prudent, and experienced conductors and motormen generally." The objection is to the use of the word "very" in the above connection. We see no error in the respect mentioned. The court's instruction as to the highest degree of care that should be exercised under given circumstances was in accord with the decision of this court in *Foster v. Seattle Elec. Co.*, 35 Wash. 177, 76 Pac. 995. It seems almost axiomatic that only very careful, prudent, and experienced operators of cars can exercise the highest degree of care.

It is assigned that it was error to give the following instruction:

"If you should find that the motorman of either car failed to exercise the judgment, care, caution and skill which was necessary under all the existing circumstances, and that they, or either of them, failed to exercise the care, judgment, caution and skill usually and customarily attendant in like condi-

tions and circumstances, then the defendant has failed to overcome the imputation of negligence in operating said cars arising in case of such collision, and you should find for the plaintiff and give her such damages as you find she has sustained, if all the other elements of her cause of action have been proved to your satisfaction."

It is argued that the instruction without limitation erroneously placed upon appellant the imputation of negligence based upon the admission by appellant that a collision did in fact occur. It is conceded to be the rule where two cars of the same railway company collide, that a presumption of negligence arises against the company which it must overcome in order to escape liability for injuries received in such collision. It is, however, further contended that, if a plaintiff avers more than general negligence and relies upon some particular acts of negligence, the rule is different, and that by the allegation of such particular negligence a plaintiff is limited in his proofs to that subject, and assumes the burden of proving that the defendant is guilty of the particular negligence alleged. Without passing upon the merits of appellant's argument in the above respect, when applied to certain pleadings and issues, it is sufficient to say that we do not see its relevancy to the issue tendered by the complaint in this case. The complaint simply charges that the appellant, its agents and servants, so carelessly and negligently operated the cars that they came together in a head-on collision, and that by the exercise of proper care the collision could have been avoided. The allegations as to negligence are in very general terms. The fact of the collision was admitted and, under the pleadings, the imputation of negligence then arose against appellant. There was evidence introduced by appellant bearing upon the acts and limitations of the two motormen under the circumstances, and we think it was not error for the court to instruct the jury that if they found such acts were not consistent with the care required by law, then the appellant had failed to overcome the imputation of negligence. We find no prejudicial

error in the instructions given, or in the refusal to instruct in the form requested.

It is contended that it was error to deny appellant's motion to set aside the verdict and to grant a new trial. One ground urged is misconduct of respondent at the trial of the case. The following record was made at the trial:

"During the argument of Mr. Sachs to the jury, on behalf of the defendant, the following proceedings occurred, to wit: Mr. Sachs: If the court please, I ask that the record show the facts of what happened at this time. The Court: Oh, it is a matter the court has no control over at this time. Do you raise any objection? Mr. Sachs: Yes, your Honor. The Court: Make your statement. Mr. Sachs: I ask the record to show that during the argument of counsel for defendant, and at the time he is about to close, that the plaintiff in this action burst out into a crying spell, trembling and so forth, and was taken suddenly out of the court, in view of the jury, by those who were with her at the time. The Court: Let the record show at what time this occurred, Mr. Sachs. Mr. Sachs: I say during the argument for the defendant and at the time of the closing. The Court: Yes; after how long engaged in addressing the jury. Mr. Sachs: I think about half an hour. The Court: I think it is over an hour, Mr. Sachs. Mr. Sachs: Is it an hour? Whatever time it was—I don't remember."

It certainly cannot be said from the above record that respondent was intentionally guilty of any misconduct. She had been engaged in a long trial, and the evidence tends to show that she was very nervous as the result of her injuries. The remark made by the court indicates that appellant's counsel had been making an extended argument to the jury in the case, and it is not unreasonable to infer, based upon the evidence, that such an argument may have involved criticism of her to such an extent that, as a nervous woman, she was unavoidably overcome in the manner indicated. We shall not say the facts appearing in the record show misconduct.

It is further urged that a new trial should have been granted on the ground of excessive damages returned by the jury. We have carefully read the evidence and we find testi-

mony to the following effect: Respondent was standing and holding to a strap in a car crowded full of passengers. The force of the collision threw her violently in the mass of passengers, and she was much bruised about her side and injured about her ribs and spine. She was shown to be very nervous since the accident, although she was reasonably strong and well before. For years she had worked and earned her own living expenses. At the time of the injuries she was employed in the store of Stone, Fisher & Lane, in Seattle, in the alteration of ladies tailor-made gowns; but since the accident she has been unable to follow that vocation or any other. Under such evidence we shall not say that the verdict was excessive.

The judgment is affirmed.

RUDKIN, FULLERTON, DUNBAR, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.