[No. 6827. Decided November 14, 1907.]

THOMAS JONES, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—HARMLESS ERROR—TRIAL—CONDUCT OF COUNSEL. The remarks of plaintiff's counsel in calling the attention of the jury to the cause of the accident (which was not in issue) is harmless where it was conceded that the accident was due to defendant's negligence, and the court instructed the jury to disregard such remarks.

DAMAGES—EXCESSIVE VERDICT. A verdict will not be set aside as excessive when it does not appear to have been the result of passion or prejudice.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 2, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a street car collision. Affirmed.

*Sachs & Hale*, for appellant.

*Jackson Silbaugh*, for respondent.

PER CURIAM.—This is an action brought for damages as the result of a head-on collision between the cars of appellant, on the 13th day of August, 1906. The complaint alleged negligence on the part of the servants of the appellant, the injuries to himself by being thrown with great violence, whereby he had received severe injuries to his side, back, knee and right arm; and alleged that some of his teeth were knocked loose, and that he received injuries about the face and hands; that the spinal cord was affected by reason of said injuries; and alleged various other injuries; and alleged damages in the sum of $5,000. Upon the trial of the cause, the jury returned a verdict in the sum of $3,000. Judgment was entered upon such verdict, and appeal followed.

[1]Reported in 92 Pac. 379.

The first four assignments of error relate to instructions given and refused. The law involved in these assignments has been examined and decided by this court at the present term in the cases of *Jordan v. Seattle, Renton etc. R. Co.,* *ante* p. 503, 92 Pac. 284, and *Connell v. Seattle, Renton etc. R. Co., ante* p. 510, 92 Pac. 377, the appellant in said actions being the appellant in this action. All of said suits grew out of the same accident. In those cases this court refused to sustain appellant's contention, and it would be idle to again enter into a discussion of the propositions therein involved. So that there is nothing left in this case but the alleged misconduct of respondent's attorney during the trial, and the contention that the verdict is excessive.

Concerning the first contention, even conceding the misconduct of the attorney in calling the jury's attention to the probable cause of the accident, which the court had ruled was not within the issues, upon objection made by appellant's attorney, the court promptly directed the jury that it should not consider or be governed by such suggestions. In addition, the accident was a head-on collision, and the whole testimony shows that the jury could not have come to any other conclusion than that the appellant was negligent. Hence, the remarks of the counsel were obviously harmless.

From a careful investigation of all the testimony, we are not satisfied that the verdict rendered by the jury was the result of passion or prejudice.

The judgment is affirmed.