[No. 7645. Decided March 13, 1909.]

## MERRELL PATE, *Respondent*, v. COLUMBIA & PUGET SOUND RAILROAD COMPANY, *Appellant*.[1]

CARRIERS—PASSENGERS—DERAILMENT OF CAR—PRESUMPTION OF NEGLIGENCE. The law presumes negligence from the breaking of an axle of a passenger coach whereby the car is derailed, and the burden of proof is upon the carrier to rebut the same.

SAME—QUESTION FOR JURY—EVIDENCE—SUFFICIENCY. Where a passenger coach is derailed by the breaking of an axle, evidence on the part of the defendant that its roadbed was in good condition, its cars and equipment properly inspected and its train carefully operated, does not show, as a matter of law, that it exercised due care, where there was other evidence tending to show that the train was operated at a high rate of speed and that the roadbed was rough and uneven.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $4,000 for personal injuries sustained by a passenger is grossly excessive, and should be reduced to $1,000, where the physical injury was slight, consisting of a grazed shin and a bruise on the knee and on the hip, and pains in the side were claimed to have developed three weeks later, the cause of which was problematic, and there was nothing to warrant a finding of permanent injury.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 1, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained by a passenger through the derailment of a car. Reversed.

*Farrell, Kane & Stratton* and *Peter L. Pratt*, for appellant.

*John E. Humphries* and *George B. Cole*, for respondent.

RUDKIN, C. J.—This action was instituted to recover damages for personal injuries sustained by the plaintiff while a passenger on one of the defendant's trains. Shortly after the train in question left Maple Valley, on its return trip to the city of Seattle on the 7th day of July, 1907, one of the

[1]Reported in 100 Pac. 324.

axles under the tender broke, and the coach next to the tender, in which the plaintiff was riding, left the track. The front end of the coach went down over the embankment forming the roadbed, while the rear end remained attached to the next coach, which did not leave the track. After leaving the track, the coach stood upright at an angle of about 45 degrees. The seats in the coach were nearly all torn loose and the passengers were thrown or slid down to the front end of the car. According to the testimony of the plaintiff, the coach was the common one in ordinary use, about fifty feet in length, but other testimony tended to show that the coach was a combination passenger and baggage car, the portion set aside for passengers being about twenty-five feet in length. The nature and extent of the injuries suffered by the plaintiff will be considered in connection with the claim that excessive damages were allowed under the influence of passion and prejudice. The jury returned a verdict in favor of the plaintiff in the sum of $4,000, and from a judgment on this verdict, the present appeal is prosecuted.

The only assignments of error we deem it necessary to consider or discuss are: first, that the court erred in denying a motion for judgment notwithstanding the verdict, because there was no evidence of negligence on the part of the appellant; and second, that the court erred in denying a motion for a new trial because excessive damages were allowed. The law presumes that accidents such as the one complained of are attributable to the negligence of the carrier, and the burden of proof is on the carrier to rebut this presumption. And while the testimony on the part of the appellant tended to show that its roadbed was in good condition, its cars and equipment properly inspected and its train carefully operated, there was other testimony tending to show that the train was operated at a high rate of speed, and that the roadbed was rough and uneven. It cannot be said, therefore, as a matter of law, that the appellant exercised that high degree of care which the law

exacts of those engaged in carrying passengers by the dangerous agency of steam. There was no error in denying the first motion interposed.

The actual physical injuries suffered by the respondent were slight, and for a considerable time after the accident he himself considered them so. They consisted of a grazed shin, a bruise on the knee, and a bruise on the hip. He was never in a hospital or confined to his bed, and no serious consequences have developed from these particular injuries. He claims, however, that about three weeks after the accident he was taken with a pain in his side, and this pain seizes him whenever he attempts to raise his arm above his shoulder, and that by reason thereof he is unable to follow his customary calling, that of a painter and decorator. Five surgeons in all testified at the trial, two for the respondent and three for the appellant, but their testimony was substantially the same. They all agreed that there were no objective symptoms, and that they were compelled to rely entirely upon the statements of the respondent as to the existence, nature, and extent of the pains and injuries from which he was suffering. If the pains exist as claimed, their cause is problematic. Dr. Carroll, for the respondent, who performed an operation on him some three years before, testified that the pains might result from the previous operation, from a cold, or from other causes, and would go no farther than to say that the pains might also result from a fall. No witness was questioned or testified as to the probable duration of the pains or disability, if they in fact existed, and there was no testimony that would warrant the jury in finding that the injuries were permanent. Under these circumstances, we have no hesitation in saying that the verdict returned by the jury is grossly excessive. If the injuries suffered by the respondent are more serious and more lasting than the record before us would indicate, the respondent is under no obligation to submit to the reduction which this court is compelled to make, but may call for a new trial. It seems to us that

any verdict in excess of $1,000 would be excessive in this case, and a new trial is ordered unless the amount of the recovery is limited to that sum.

The judgment of the court below is therefore reversed; and if the respondent elects to accept $1,000, and costs in the court below, within ten days after the remittitur is filed there, a new judgment will be entered for that amount; otherwise, a new trial is granted. The appellant will recover its costs in this court.

CROW, DUNBAR, MOUNT, FULLERTON, GOSE, and CHADWICK, JJ., concur.