[No. 10413.   Department Two.   August 21, 1912.]

MATT WODNIK, *Respondent*, v. LUNA PARK AMUSEMENT COMPANY *et al., Appellants.*[1]

NEGLIGENCE—DANGEROUS PREMISES—AMUSEMENT PARK—LIABIL-ITY OF OWNERS—NEGLIGENCE OF LESSEES. The owner of an amusement park impliedly represents that advertised instrumentalities for amusement are reasonably safe, and cannot avoid liability for injury received through the unsafe condition of a mallet, used in connection with a striking machine, by the fact that the machine was operated by a lessee of space under an independent contract; since the lessee would be the agent of the owner.

SAME—UNSAFE APPLIANCES—NEGLIGENCE—EVIDENCE—RES IPSA LOQUITUR. Negligence is established, on the doctrine of *res ipsa loquitur*, where the head of a mallet, used in connection with a striking machine in an amusement park, flew off when an attempt was made to use it for the purpose for which it was furnished, the burden of explanation being cast on the defendant.

SAME — ASSUMPTION OF RISKS — INSPECTION. A patron in an amusement park does not assume the risk from an unsafe mallet which he is invited to use in connection with a striking machine, where there was no defect so patent that he ought to have observed it without inspection, the duty of inspection resting upon the owners of the park.

SAME—CONTRIBUTORY NEGLIGENCE. In such a case he is not guilty of contributory negligence in taking hold of the mallet handle near the upper end, where he had no reason to assume that the head would fly off, and there was no evidence that he was not using it as it was intended to be used.

Appeal from a judgment of the superior court for King county, Myers, J., entered March 16, 1912, upon the verdict

[1]Reported in 125 Pac. 941.

of a jury rendered in favor of the plaintiff, in an action for injuries received by a visitor at an amusement park. Affirmed.

*Thomas B. McMahon* and *Geo. McKay*, for appellants.

*J. P. Ball*, for respondent.

ELLIS, J.—This is an appeal by the defendants, Luna Park Amusement Company and William Looff, from a judgment rendered upon the verdict of a jury for damages for personal injuries to the plaintiff which it is charged were caused by their negligence.

The complaint, so far as material to the questions presented, in substance alleged, that the defendants were the owners and managers of a place of public amusement at West Seattle, called Luna Park, and had by extensive and broadcast advertising made the resort well known to the public, and that it was largely patronized by the public; that among the amusements there maintained was a mechanical device, called a striking machine, so arranged that a person by striking with a long handled heavy mallet upon a movable scale or balance was enabled to register thereon the force of the blow; that on April 30, 1911, the plaintiff visited Luna Park and accepted an invitation of the defendants through their agent or employee in charge of the striking machine to use the same, paid the money demanded therefor, and was given and used a mallet which was unsafe, in that the head was not securely fastened to the handle; that in using the mallet, he swung it above his head with both hands, intending to strike the machine, when the head of the mallet flew off, and the handle being released, he struck himself therewith a violent blow upon the knee, inflicting the injuries complained of. The negligence charged is that the defendants, their agents or employees, furnished to the plaintiff a mallet which they knew, or in the exercise of proper care, inspection and supervision could have known, was unsafe for the purpose intended.

The answer admitted the ownership, management, and extensive advertisement of the park as a place of amusement by

the defendants, denied the allegations of negligence, denied that the defendants owned or operated the striking machine, and set up as an affirmative defense in general terms that the injury was the result of the plaintiff's own negligence. This was traversed by the reply.

The evidence showed that one *Friedle* was the sole owner of the striking machine, and personally operated it on April 30, 1911, under a lease or concession of space from the defendants for the amusement season, paying the defendants 35 per cent of the gross receipts for the concession; that he hired and discharged his own employees; and that the defendants never exercised or attempted to exercise any authority over him. The appellants contend that, under this evidence, they cannot be held responsible for the injury. This position is not tenable. They were admittedly the owners, managers, and operators of Luna Park, and advertised its amusement features as a means of procuring the patronage of the public for their own pecuniary advantage. They received a part of the proceeds from the specific amusement feature in patronizing which the respondent was injured. He was there by their invitation. There was an implied representation that the instrumentalities for amusement which they advertised were reasonably safe. The fact that the amusement was furnished by a third party under an independent contract with the appellants in no manner relieved them from the duty to see that the appliances were reasonably safe for the use intended. The duty of exercising reasonable care for the safety of their patrons while engaged in the performance of the very purpose for which they were invited cannot be avoided in any such way. *Thompson v. Lowell, L. & H. St. R. Co.*, 170 Mass. 577, 49 N. E. 913, 64 Am. St. 323, 40 L. R. A. 345; *Richmond & M. R. Co. v. Moore*, 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258. We think that, as between the respondent and the appellants the owner and operator of the striking machine must logically be held the appellants' agent.

The appellants also contend that there was no evidence of negligence on their part. The respondent's testimony as to how the injury occurred was substantially as alleged in the complaint. We think that the fact that the head of the mallet flew off while the mallet was being used by the respondent for the very purpose for which it was furnished to him was sufficient to cast the burden of explanation upon the appellants. No explanation being offered, the jury was warranted in inferring that the head of the mallet came off because it was negligently and insecurely fastened to the handle.

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." 1 Shearman & Redfield, Negligence (5th ed.), § 59.

"The doctrine of *res ipsa loquitur* means that the jury, from their experience and observation as men, are warranted in finding that an accident of this kind does not ordinarily happen except in consequence of negligence. As was said in *Griffin v. Boston & Albany R. Co.*, 148 Mass. 143, 19 N. E. 166, 12 Am. St. 526, 1 L. R. A. 698: 'All that the plaintiff upon this branch of his case was required to do was to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause.' " *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016.

There was no duty of inspection resting upon the respondent. There was no evidence of any defect so patent that he ought to have observed it without inspection. He had the right to assume that the mallet was fit for the purpose for which it was furnished him. He cannot be held to have assumed the risk of injury from any defects not so patent as to have been apparent to the casual observer. This court is committed to the rule that the doctrine *res ipsa loquitur*, under conditions where there is no duty of inspection upon

the servant, is applicable even as between master and servant. *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405; *LaBee v. Sultan Logging Co.*, 51 Wash. 81, 97 Pac. 1104; *Graaf v. Vulcan Iron Works, supra; Cleary v. General Contracting Co.*, 53 Wash. 254, 101 Pac. 888.

*A fortiori* is the doctrine applicable in a case of this kind where a customer or patron is present by invitation, and is injured by an instrumentality under the exclusive control of the defendant or his agents. *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 Pac. 325, 126 Am. St. 870, 16 L. R. A. (N. S.) 931. And for a still stronger reason should the doctrine be invoked where, as here, the instrumentality which caused the injury was handed to the patron for use in the very purpose for which he was invited. In the very nature of the case, the respondent could not be expected to prove the specific defect in the mallet which caused the head to separate from the handle. That could only have been determined by inspection. The duty of inspection was upon the appellants. They offered no evidence of such inspection. The jury was warranted in finding them negligent.

The appellants further contend that the respondent's own act in taking hold of the mallet handle near the upper end, as he testified he did, was the proximate cause of the injury, and that in so doing he was guilty of contributory negligence. The proximate cause was that cause without which the accident could not have happened. It is plain that had the head of the mallet been securely fastened to the handle, the accident would not have happened, no matter where the respondent grasped the handle. It is equally plain that he was not guilty of contributory negligence. He had no reason to assume that the head of the mallet would fly off. In fact, as we have seen, he had the right to assume that it would not. There was no evidence that he was not using the mallet as it was intended to be used. We fail to find any evidence whatever of contributory negligence. Nor do we find any

merit in the argument that the accident was one which could not reasonably have been anticipated. It was the natural and probable result of the insecure fastening of the head of the mallet to the handle. This or some similar accident would reasonably be expected from such a condition.

Many assignments of error are based upon the giving of certain instructions by the court and upon the refusal to give certain others requested by appellants. These, however, are sufficiently covered by what we have said of the law as applied to the facts. The case was submitted to the jury upon instructions fairly presenting the law applicable to the evidence. We find in the record no error which would justify a reversal.

The judgment is affirmed.

MOUNT and FULLERTON, JJ., concur.