[No. 12413. Department One. April 17, 1915.]

# LOUISA BRIGLIO *et al., Respondents,* v. HOLT & JEFFERY, *Appellant.*[1]

EXPLOSIVES—INJURIES FROM BLAST — TRIAL — INSTRUCTIONS—IN-FERENCES—BURDEN OF PROOF. In an action for personal injuries caused by the explosion of a blast, wherein proof of the injury made a *prima facie* case of negligence, instructions to that effect and that the jury should then "determine from the evidence, the burden being upon the defendants, whether or not these defendants in the conduct of their work were careless and negligent in the manner in which they conducted their blasting," without any other charge that the burden of proof was upon the plaintiffs to establish the injury, and elements of her case, constituted prejudicial error; since it inferred that the burden was upon defendants to disprove, by a preponderance of the evidence, all the allegations and proof on the part of plaintiffs.

EXPLOSIVES—BURDEN OF PROOF—RES IPSA LOQUITUR. The presumption of want of due care under the doctrine of *res ipsa loquitur* is applicable to injuries from blasting, and while it places the burden of proof on defendant, such presumption is rebutted when evidence and inferences are shown, not necessarily preponderating against, but merely counterbalancing the inference derived from, the presumption.

TRIAL—INSTRUCTIONS—RES IPSA LOQUITUR—BURDEN OF PROOF. In an action for negligence involving the question of *res ipsa loquitur,*

[1]Reported in 147 Pac. 877.

the proper instruction would be that the burden is upon plaintiff to establish all his controverted allegations by a fair preponderance of the evidence; and where a situation necessarily raised an inference of defendant's negligence, the burden then devolves upon defendant to rebut such presumption by evidence of due care and proper precaution.

Appeal from a judgment of the superior court for King county, Smith, J., entered June 16, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries caused by blasting. Reversed.

*Preston & Thorgrimson* (*F. E. Sansom*, on the brief), for appellant.

*Andrew R. Black* and *Ralph Simon*, for respondents.

HOLCOMB, J.—The judgment here to be reviewed is one awarding damages to the respondents Louisa Briglio, the wife, and Nicola Briglio, her husband, for injuries sustained by Louisa Briglio on June 20, 1913, through being struck with a piece of debris from a blast exploded by appellant's workmen. The case presented by the evidence to the court and jury was this: At the time of the blast, appellant had a contract with the city of Seattle to grade certain streets, and the particular stump the blasting of which caused the injury was in Atlantic street, about 300 feet distant from respondents' dwelling. The negligence charged in the complaint is that defendant carelessly and negligently failed to guard the blast, or to regulate the quantity of dynamite or other high explosives used. At the time of the blast, she was in the garden of their residence and, while she was in a stooping position, heard the blast and, before she could straighten up, something struck her on the back in the region of the kidneys, and knocked her down. The blast was exploded by a couple of laborers, neither of whom testified at the trial. The foreman at the time was some distance away. The evidence as to the quantity of powder used in blasting the stump was vague and uncertain. No warning whatever was given of the blast, and it was exploded in a portion of the city

where there were residences and business houses. A married daughter of respondents testified that, upon hearing her mother's cries, she ran to her assistance and found that her shirt waist was dirty where it struck. There was evidence that the blast cast dirt upon the roofs of houses to a distance of 425 or 450 feet from the place of the blast. None of the witnesses testified to having seen the particular object which struck the respondent.

Respondents' testimony was to the effect that, at the time of the injuries to Mrs. Broglio, she was a strong, healthy woman, who felt no pains; that she was able to do her housework and keep seven or eight boarders; that, as a result of these injuries, she was confined to her bed for three weeks; that she had pains all over her body; that she still has constant pain and cannot walk any distance. There was testimony on behalf of appellant tending to show that she was shamming. The physician who so testified never taxed her with shamming, and did not recall having said anything to the other doctors who had examined her, to lead them to suppose that he believed the woman was shamming. The respondents originally brought suit against the appellant and the city of Seattle jointly, but before trial the case against the city was dismissed. The jury returned a verdict for $2,000 against appellant. This the court later, on motion for a new trial, reduced to $1,250, and upon such remission overruled the motion for a new trial.

There is but one error which we shall notice. The appellant contends that the court erred in instructing the jury that the burden was upon appellant to show due care by a preponderance of the evidence. This involved the giving of two instructions, and the refusal of one, excepted to by appellant.

On the question of burden of proof, the court first instructed the jury that respondents had made a *prima facie* case of negligence on the part of appellant if they had shown injury from the blast set off by appellant. This, appellant

says, so far as it goes, is conceded to be proper, and if it had been followed by proper complementary instructions, appellant should not complain. But such proper complementary instructions not having been given, this was prejudicial error, the effect of which was to throw upon the defendant the burden of sustaining the plaintiff's case.

The instruction on this point reads:

"You will then determine from the evidence, the burden being upon the defendants, whether or not these defendants, Holt & Jeffery, in the conduct of their work were careless and negligent in the manner in which they conducted that blasting. In other words, if they did the blasting in such a way that a reasonably careful and skillful man would not have done it in the way that they did it, and if you find that this plaintiff was injured from some debris, stone, dirt or piece of stump cast from their blasting, you will determine whether or not that is due to the negligent, careless and unskillful way in which the blast was discharged. . . . . When we say that the burden of proof is upon one party or the other, we mean that that party has to establish to you by a fair preponderance of the evidence the truth of the allegations made by that party."

The instructions omitted, indicated by the asterisks, and not included in appellant's exceptions, were instructions as to the measure of compensation and damages to be awarded to the respondents, if any. There is no reference or allusion in the court's instructions to the jury as to the burden of proof, other than the direction in the foregoing instruction that the burden of proof is upon the defendant (appellant) to show that it was not careless and negligent in the conduct of its work. There was no instruction by the court that the burden of proof was upon the plaintiff to establish her injury, the extent of the injury, the amount of damage, and her situation and condition at the time and afterwards, by a fair preponderance of the evidence. We have frequently held, in accordance with the overwhelming weight of authority, that an instruction which might be erroneous if standing alone, but when read in the light of all the other instructions

given by the court to the jury cannot be said to be erroneous and prejudicial, will not be ground for reversal. The instruction here in question stands alone as to the burden of proof, and certainly the burden of proof was upon the respondents to establish the material allegations of their complaint by a fair preponderance of the evidence. As to where the burden was to establish any material facts by a fair preponderance of the evidence as defined by the court, the jury were only informed that:

"You will then determine from the evidence, the burden being upon the defendants, whether or not these defendants, Holt & Jeffery, in the conduct of their work were careless and negligent in the manner in which they conducted their blasting."

This would be a proper instruction if, as said by appellant, it was given with other proper complementary instructions. The jury might well have inferred, and probably did infer, that the burden of proof was upon the appellant to disprove, by a fair preponderance of the evidence, all the allegations and proof on the part of the respondents.

It is true that the evidence here developed a situation upon which the maxim *res ipsa loquitur* applies. Where the circumstances of the occurrence that caused the injury are of a character to give ground for a reasonable inference that, if due care had been employed by the party charged with care in the premises, the thing that happened amiss would not have happened, it is said *"res ipsa loquitur"*—the thing speaks for itself; that is to say, if there is nothing to explain or rebut an inference that arises from the way the thing happened, it may fairly be found to have been occasioned by negligence. *Sweeney v. Erving*, 228 U. S. 233; *Stokes v. Saltonstall*, 13 Pet. 181.

The proposition is that, upon a situation which presents a case for the application of the maxim *res ipsa loquitur*, there is a presumption raised that there was a want of due care and caution, or, in other words, negligence on the part of

the defendant which no one else is in position to explain, the evidence being peculiarly within the knowledge and control of the defendant. This presumption is a rebuttable presumption of evidence and not a conclusive presumption of law. It is necessary that the party against whom this presumption arises rebut it, for it would be paradoxical to say that the plaintiff must explain this apparent negligence when it is beyond the power of the plaintiff to do so. But this presumption is rebutted when evidence and inferences are shown, not necessarily preponderating against the inference derived from the presumption, but sufficient merely to counterbalance it. It is thus said that the burden of proof is upon the defendant in such case to furnish such evidence or explanation. This does not mean, however, that the defendant must furnish preponderating evidence to explain such presumption, but only that it must furnish evidence as to the cause of the apparent negligence and as to the exercise of due care and caution, or plaintiff would be entitled to peremptory instructions to the jury.

Brief statements have been made in decisions of the courts and by the textwriters to the effect that the burden of proof in such case, where the maxim *res ipsa loquitur* applies, is upon the defendant. Thus there is a statement in Bailey, Onus Probandi, p. 74, as follows:

"As to injuries caused by blasting, it seems that the maxim, *res ipsa loquitur*, applies, so, at least, as to devolve the burden of proof on the defendant, to show due care and proper precaution."

See, also, 1 Thompson, Negligence, p. 113, § 13; *San Juan Light & Transit Co. v. Requena*, 224 U. S. 89; *Abrams v. Seattle*, 60 Wash. 356, 111 Pac. 168, 140 Am. St. 916; *Pate v. Columbia & Puget Sound R. Co.*, 52 Wash. 166, 100 Pac. 324. In the last case, this court, per Rudkin, J., say:

"The law presumes that accidents such as the one complained of are attributable to the negligence of the carrier,

and the burden of proof is on the carrier to rebut this presumption;"

and *Abrams v. Seattle, supra,* where the court, after informing the jury as to how a presumption of negligence in such a case arises, and that knowledge of the condition is practically limited to the defendant or its servants and is unavailing except through it or them, and that in such case a mere happening of the accident under such circumstances creates the presumption that the defendant was negligent, and in such case "the burden would be shifted to the defendant to show by a fair preponderance of the testimony that it was not guilty of such negligence"—held that such instruction was not improper. An attempt was made to distinguish between the term "burden of proof" and the term "preponderance of the evidence." But in such a case, what is really meant is simply that the burden of furnishing evidence explaining the apparent negligence, if any explanation is possible, is upon the one to whom it is attributable. The doctrine means that the facts of the occurrence warrant an inference of negligence; not that they compel such an inference. It does not shift the burden of proof, nor does it convert the defendant's general issue into an affirmative defense. When all the evidence is in, it is for the jury to determine whether the preponderance is with the plaintiff. *Sweeney v. Erving, supra.*

The proper instructions as to the application of the presumption would be thus: The jury should be instructed that the burden of proof is upon the plaintiff to establish all the controverted allegations of his complaint by a fair preponderance of the evidence, and defining preponderance of the evidence; that when a situation is shown which necessarily infers negligence on the part of defendant, or *res ipsa loquitur,* the burden then devolves upon defendant to furnish an explanation or rebuttal of that presumption of negligence, by producing evidence of his due care and proper precaution,

6—85 WASH.

under the circumstances and conditions necessarily within defendant's exclusive control. If then, after considering such explanation, on the whole case and on all the issues as to negligence, injury and damages, the evidence still preponderates in favor of the plaintiff, plaintiff is entitled to recover; otherwise not.

In this case, the instruction complained of as to the burden of proof, standing alone, and the jury not being directed in any form that it was incumbent upon the respondents to establish any of their allegations by a fair preponderance of the evidence, the burden of proof being upon them so to do, it was clearly erroneous and prejudicial.

The judgment is reversed, and the cause remanded for a new trial.

PARKER and MOUNT, JJ., concur.

MORRIS, C. J., and CHADWICK, J., concur in the result.