[No. 18585.  Department Two.  June 30, 1924.]

## B. R. KOLBE et al., Respondents, v. PUBLIC MARKET DELIVERY & TRANSFER et al., Appellants.[1]

MUNICIPAL CORPORATIONS (387, 390)—USE OF STREETS—AUTOMOBILES—NEGLIGENCE—PRESUMPTIONS—RES IPSA LOQUITUR. The negligence of the driver of a truck and the proximate cause of its running away, are questions for the jury, where it was left standing facing a down grade, and there was evidence that the brakes were in a defective condition, although no one saw it start.

SAME (392)—NEGLIGENCE—INSTRUCTIONS. In an action for damages through the running away of a truck left standing on a down grade, an instruction as to the condition of the brakes is not error because the matter was not raised in the pleadings, where the subject was gone into fully by both sides without objection.

NEGLIGENCE (33)—PRESUMPTIONS—RES IPSA LOQUITUR—INSTRUCTIONS—BURDEN OF PROOF. Where there was a presumption of negligence from the running away of a truck left standing on a down grade, the defendants are properly required to explain away the inference by introducing evidence; and instructions are proper where they require the plaintiff to prove negligence, and defendant to rebut evidence tending to establish a presumption of negligence.

Appeal from a judgment of the superior court for King county, Davidson, J., entered November 30, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Van Dyke & Thomas,* for appellants.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for respondents.

MITCHELL, J.—On the afternoon of March 20, 1923, A. Donnett was engaged as driver in the operation of a Ford delivery truck, in the employment of the Public Market Delivery & Transfer, a corporation, the owner of the truck, in Seattle. The place of business of the

[1]Reported in 226 Pac. 1021.

owner was situated on the north side of Pine street at its intersection with a paved alley on the east side of the place of business. The office in the building was on the alley. Across the alley and adjoining it and abutting on Pine street there was a private parking place, about thirty by forty-five feet, for automobiles, used by the Public Market Delivery & Transfer, and, as stated by appellants, the parking place was "smoothed off with a slight grade westerly toward the alley and a possible slight grade toward Pine." Pine street slopes downward 14.6 per cent to Pike Place, the street next west from the alley. The alley is slightly down grade from the north, and as it reaches Pine street it warps or drops down on the east side so as to conform to the grade of Pine street. Donnett drove the car down the alley from the north, stopped it opposite the office, went into the office hurriedly to pick up an order, and in about five minutes found that, without a driver, the truck had collided with an automobile occupied by Mr. and Mrs. Kolbe, down on Pike Place, causing injuries to her, on account of which this suit was brought against the owner and driver of the truck. The defendants have appealed from a verdict and judgment in favor of the plaintiffs.

There is neither complaint nor evidence of any fault on the part of the respondents; nor is there any evidence of the intervention or meddling of a third party with the automobile after the driver left it in front of the office window until the collision happened.

The first assignment is that the court erred in denying appellants' motion for a judgment notwithstanding the verdict. There is no testimony other than that the truck was on and facing a down grade at the time the driver left it to go into the office; and while the proof on behalf of the appellants was to the effect

that the brakes were applied when the truck was stopped near or on the parking strip at the office and that the brakes were in good order, on the contrary, there was positive evidence that the brakes were deficient and not in good order. There is an absence of testimony to show that anyone saw the car until after it was well on the way down toward Pike Place.

The law applicable to a case of this kind is pretty well settled and has been fully expressed in a number of decisions by this court. In the case of *Abrams v. Seattle,* 60 Wash. 356, 111 Pac. 168, this court cited with approval from Jaggard on Torts, as follows:

" '. . . When the physical facts surrounding an accident in themselves create a reasonable probability that the accident resulted from negligence, the physical facts themselves are evidential, and furnish what the law terms evidence of negligence, in conformity with the maxim "Res ipsa loquitur." It would seem more accurate to say, not that negligence is presumed from the mere fact of the injury or accident, but, rather, that it may be inferred from the facts and circumstances disclosed, in the absence of evidence showing that it occurred without negligence.' "

In *Wodnik v. Luna Park Amusement Co.,* 69 Wash. 638, 125 Pac. 941, 42 L. R. A. (N. S.) 1070, attention was called with approval to the rule stated in 1 Shearman & Redfield, Negligence (5th ed.), § 59, as follows:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

In the case of *Oberg v. Berg,* 90 Wash. 435, 156 Pac. 391, which was a case of a runaway car without a

driver, after quoting the above mentioned text from Shearman & Redfield on Negligence, it was said:

"These observations of the learned authors were quoted with approval by this court in *Wodnik v. Luna Park Amusement Co.,* 69 Wash. 638, 125 Pac. 941, 42 L. R. A. (N. S.) 1070, and we think are decisive in support of appellant's contention. We have seen that Union street at this point is of such a grade that an automobile standing thereon must be secured in place with considerable care to prevent it running down the street by the force of gravity alone, and that the machine had been brought to rest by respondent a very short time before it did start and run over appellant. It also seems plain, as shown by the evidence, that, had the machine been properly secured, it would not, by the force of gravity alone, have started. In the light of these considerations, we think the jury might have concluded, as reasonable men, that the machine started by the force of gravity alone and because of respondent's negligence in not properly securing it when he left it. While it may be conceded that these facts standing alone would not make a very convincing case against respondent, we think it cannot be said that reasonable minds might not differ as to the proper conclusion to be drawn therefrom."

To the same effect see: *Graaf v. Vulcan Iron Works,* 59 Wash. 325, 109 Pac. 1016; *Briglio v. Holt & Jeffery,* 85 Wash. 155, 147 Pac. 877; *Sweeney v. Erving,* 228 U. S. 233, 57 L. Ed. 815.

In this case, in addition to those things which according to the rule afford reasonable evidence, in the absence of explanation by the appellants, that the accident arose from a want of care, there is positive evidence, as already stated, that the brakes on the truck were defective. The case was, in our opinion, one for the jury.

The next assignment complains of an instruction, first, pertaining to appellants' care of the braking equipment on the truck, there being no allegation with

reference thereto in the complaint; and, second, because it placed on appellants "the burden to show the cause of the car starting down the hill." As to the first, the matter of the condition of the brakes was gone into fully by both sides without any objection whatever at the instance of either party, and it was therefore proper to advise the jury with reference thereto as though in addition to such evidence there had been allegations concerning the same in the complaint; while as to the second contention, it is not well founded, for the instruction simply applied to the rule of the burden being upon the appellants to explain away the inference or presumption arising from the happening of an accident under such circumstances, such explanation to be given by introducing evidence of care. In this particular and generally the trial court followed the rule laid down in *Briglio v. Holt & Jeffery*, 85 Wash. 155, 147 Pac. 877, as follows:

"The proper instructions as to the application of the presumption would be thus: The jury should be instructed that the burden of proof is upon the plaintiff to establish all the controverted allegations of his complaint by a fair preponderance of the evidence, and defining preponderance of the evidence; that when a situation is shown which necessarily infers negligence on the part of defendant, or *res ipsa loquitur*, the burden then devolves upon defendant to furnish an explanation or rebuttal of that presumption of negligence, by producing evidence of his due care and proper precaution, under the circumstances and conditions necessarily within defendant's exclusive control. If then, after considering such explanation, on the whole case and on all the issues as to negligence, injury and damages, the evidence still preponderates in favor of the plaintiff, plaintiff is entitled to recover; otherwise not."

Another assignment is that the court refused appellants' requested instruction to the effect that, under

the circumstances of this case, the law "does not require the defendants to prove what, if anything, started the car in motion after it had been parked and the brakes set." We think the instruction was properly refused. As argued on behalf of the respondents, the court was not interested in telling the jury, nor the jury interested in knowing, where the burden was *not*. On the contrary, it was incumbent on the court to advise the jury where the burden was and what that burden was. This the court did. The jury was told that the burden was on the plaintiffs to prove negligence, and it was further advised of the rule requiring the defendants to rebut evidence tending to establish an inference or presumption of negligence in such cases as this by producing evidence of due care—following *Briglio v. Holt & Jeffery, supra,* and cases therein cited—and that the jury must be satisfied of negligence by a preponderance of the evidence as the proximate cause of the injury or find for the defendants.

The remaining assignments of error are answered against the contention of appellants by what has already been said herein.

Judgment affirmed.

Bridges, Pemberton, Fullerton, and Mackintosh, JJ., concur.