## WALLACE v. UNITED STATES (DRAPER ENGINE WORKS CO., Interpleaded).*

(District Court, W. D. Washington, N. D. Oct. 1, 1926.)

No. 10036.

1. **Shipping ⊙⟼84(3)—Owner's employees held to have negligently changed scaffolding without notice to contractor's employee working in same hold.**

Employees of vessel *held* to have negligently changed and moved scaffolding without notice to contractor's employee, making repairs in same hold wherein owner's employees were working.

2. **Shipping ⊙⟼84(5)—Machinist, making repairs on vessel for contractor, had right to assume proper care would be taken for his protection.**

Machinist, employed by contractor in making repairs on vessel, had right to assume that proper care would be taken for his protection, and was not required to exercise care to discover extraordinary dangers.

*Judgment affirmed 17 F.(2d) ——.

**3. Shipping ☞84(5)—Machinist, repairing vessel while employed by contractor, was charged only with known defects.**

Machinist, engaged in making repairs on vessel while in employ of contractor, was only charged with defects known, or plainly observable, and appreciated by him under the circumstances.

**4. Shipping ☞84(5)—Hazard created by vessel owner held not ordinary risk of employment, assumed by machinist.**

Hazard created by owner of vessel, in construction and movement of scaffolding in hold where machinist was engaged in making repairs, cannot be regarded as ordinary risk of employment, assumed by such machinist.

**5. Shipping ☞84(5)—Machinist, making repairs on vessel for contractor, had right to assume that owner's employees, doing painting, would use reasonably safe appliances.**

Machinist, engaged in making repairs on vessel while in employ of contractor, had right to assume, in absence of notice, that danger would not be increased, and that reasonably safe appliances would be used by owner's employees in painting hold where machinist was working, and was not required to be on lookout for new changes.

**6. Shipping ☞84(3)—Vessel owner held liable for injuries to contractor's employee resulting from defective scaffolding used by own employees.**

Owner of vessel had duty to see that scaffolding used by employees in doing painting was suitable and substantial, and was liable for injuries to contractor's employee resulting from defects.

**7. Shipping ☞84(3)—Negligence of owner's employees as to scaffold held proximate cause of injury to machinist repairing vessel.**

Negligence of employees of owner of vessel in arranging scaffolding on which they were working *held* proximate cause of injury to machinist, engaged in making repairs on vessel for contractor.

**8. Shipping ☞84(1)—Machinist, employed by contractor repairing vessel, had cause of action against owner for injuries resulting from negligence of owner's employees.**

Machinist, making repairs on vessel while in employ of contractor, *held* to have cause of action against owner, as well as contractor, for injuries resulting from negligence of owner's employees.

**9. Indemnity ☞9(1)—Indemnity contracts are not construed against indemnitee's negligence, unless clearly appearing.**

Indemnity contracts are not construed against negligence of indemnitee, unless it clearly so appears, and should be strictly construed.

**10. Indemnity ☞6—Amount of contract, with provision for protection of owner against workmen's claim for injuries should be considered.**

In construing contract whereby contractor agrees to protect owner against claim for injuries to workmen engaged by him, amount of contract should be considered, and fair results, and not harsh and unreasonable, should be presumed.

**11. Indemnity ☞9(1)—Contract agreeing to protect owner against claims for workmen's injuries will not be extended to include owner's acts.**

Contract whereby contractor agreed to protect owner against claims for injuries to workmen engaged by him will not be extended to include acts of owner or his agent, in absence of provision therefor.

**12. Shipping ☞84(1)—Vessel owner held liable for injuries to contractor's employee from negligence of its employees, in absence of specific stipulation in indemnity agreement.**

Owner of vessel is liable for injuries to machinist employed by contractor, resulting from negligence of owner's agents, in absence of specific stipulation in contractor's agreement to protect owner against such claims.

**13. Shipping ☞84(1)—Owner's personal liability for injuries to contractor's employee resulting from negligence of its employees is not coextensive with liability in rem.**

Liability in rem is not necessarily coextensive with personal liability of owner in respect to injuries to employee of contractor resulting from negligence of owner's employees.

**14. Damages ☞132(3)—$25,000 allowed for fracture of spine resulting in permanent disablement.**

$25,000 *held* proper allowance for injuries to 42 year old able-bodied man, consisting of fracture of spine, permanently disabling him.

In Admiralty. Libel by William Wallace against the United States, wherein the Draper Engine Works Company was interpleaded. Judgment for libelant against respondent, and in favor of interpleaded respondent.

Libelant elected to proceed upon the principles of libel in rem against the United States in personam for personal injuries sustained June 30, 1924, on board the steamship West Gambo, government owned and operated merchant vessel, while in the port of Seattle. Libelant was employed as a machinist, in No. 3, lower hold, by the Draper Engine Works Company under contract with the owner to do specific repair work. The owner, the United States, on its own account at the same time was making other repairs, painting the ship in No. 3 hold between decks immediately over the place where libelant was employed. In arranging scaffolding for painting, a heavy plank was extended over a part of the hold, insufficiently and improperly supported, and while arranging this scaffolding, "horses and planking," to raise a platform high enough to reach the ceiling, which was moved about every 15 minutes, a large, heavy plank was permitted to fall,

which struck the libelant on the head, shoulders, and back, and severely injured him. The men engaged in painting were common employees of the ship, receiving common labor wage, and not men experienced in constructing scaffolding or in the art of painting.

The libelant had a fracture of the spine, of the tenth dorsal vertebra, with involvement of the ninth. An operation was performed, followed by two other operations. One operation was called "bone grafting," and later another, called a "laminectomy," whereby the spinal cord was exposed and blood clot removed. A third operation was performed to stabilize the vertebræ across the line where the break occurred, to stop the "buckle and bend" of the vertebræ. Libelant has plastic paraplegia, which has existed now over two years. He is unable to walk without mechanical means, such as "an ambulator, walking chair, and braces." To walk he must be in a chair, with braces on both legs and support for the back. The doctors testify he is permanently disabled and will never be able to perform any manual labor; that he suffers a great deal of pain from muscular spasms, which pain will continue during life; that such condition is usual from the heavy blow upon the head and shoulders; and they further testify that further operation would not do any good; that his condition is the result of the degenerative changes in the fibers of the nerve trunks as the result of the injury; and that these degenerative changes are not amenable to any kind of surgical interference.

Libelant was an efficient and skilled worker, in splendid health, had no prior accident or injuries, or serious sickness, and for a number of years prior to and at the time of his injury was averaging monthly earnings from $150 to $160, has been steadily employed, and by reason of his proficiency was always employed. He is 42 years of age and has a life expectancy of 25 years.

No one saw the plank strike the libelant, but he was found unconscious in the hold below, immediately after the fall, and there can be no question but what he was struck by this timber. The action was brought against the owner; the contractor was brought in upon the respondent's petition under rule 56. The owner denies liability, and contends that, if liability exists, it is that of the contractor, and not of the owner, and also contends that the libelant assumed the risk of the employment and was himself guilty of contributory negligence as the proximate cause.

John S. Jury, of Seattle, Wash., for libelant.

Bronson, Robinson & Jones, of Seattle, Wash., for the United States.

Grosscup & Morrow, of Seattle, Wash., for respondent Draper Engine Works Co.

NETERER, District Judge (after stating the facts as above). [1-3] The testimony does not disclose negligence on the part of the libelant. He exercised due care and caution under the circumstances. The conduct of the painters in the arrangement of the scaffolding, and in changing and moving the same without notice to the libelant of the changing condition, did not show reasonable care and caution. The libelant was not required to exercise care to discover extraordinary dangers arising from the acts of the owner's employees or of the contractor, but had a right to assume that proper care would be taken for his protection until advised. Ches. & O. Ry. Co. v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; Ches. & O. Ry. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102. He had a right to assume that due diligence would be used to guard him against danger in the employment in which he was engaged (Choctaw O. & G. R. R. Co. v. McDade, 191 U. S. 64, 24 S. Ct. 24, 48 L. Ed. 96), and was only charged with defects known or plainly observable (Tex. & Pac. Ry. Co. v. Archibald, 170 U. S. 665, 18 S. Ct. 777, 42 L. Ed. 1188), and appreciated by him under the circumstances (Ches. & O. Ry. Co. v. Proffitt, supra; Gila Valley, G. & N. Ry. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229, 58 L. Ed. 521; McPherson v. Twin Harbor Stev. & T. Co. [Wash.] 245 P. 747, Port of N. Y. Stev. Co. v. Castagna [C. C. A.] 280 F. 618; Delaware, L. & W. R. Co. v. Busse [C. C. A.] 263 F. 516; Barney v. Anderson, 116 Wash. 352, 199 P. 452; Lahti v. Rothschild, 60 Wash. 438, 111 P. 451).

[4, 5] The hazard created by the owner in the construction, arrangement and movement of the scaffolding in the manner shown, in view of what was done by the libelant and the owner, cannot be regarded as of the ordinary risk of the employment assumed by the libelant (George v. Clark [C. C. A.] 85 F. 608); nor was libelant, under the circumstances shown, charged with knowledge. General Lighterage Co. v. Hansen (C. C. A.) 228 F. 497. The libelant had a right to assume, in the absence of a notice, that danger would not be increased, and that reasonably safe appliances would be used in carrying forward the work, and was not required to be constantly on the look-

out for new changes unknown to him. Atl. I. & C. Corp'n v. Van (C. C. A.) 276 F. 646. [6, 7] It was the owner's duty to see that the plank and "horses" used as a scaffold were suitable and substantial, and should be held liable for the falling of the plank from the loosely arranged structure. Rohde v. Grant Smith-Porter Ship Co. (D. C.) 263 F. 204; Wash. & G. R. Co. v. McDade, 135 U. S. 554, 10 S. Ct. 1044, 34 L. Ed. 235; Rutherford v. Jethou (D. C.) 2 F.(2d) 286, 1925 A. M. C. 118; The Spokane (C. C. A.) 294 F. 242, 1924 A. M. C. 56. Upon the pleadings and the proof, negligence on the part of the employees or owner is fully sustained; and it also appears that the employees were unskilled and inexperienced, and incompetent in building and moving or changing scaffolding, and that such negligence and incompetence is the proximate cause of libelant's injury. No confirmation is needed by application of the rule of res ipsa loquitur.

For cases under this rule, see 8 Enc. of United States Supreme Court Reports, p. 889; In re Reichert Towing Line (C. C. A.) 251 F. 214, 216, 217; The Marschall (C. C. A. 2) 294 F. 824, 1924 A. M. C. 144; American Shipbuilding Co. v. Lorenski (C. C. A.) 204 F. 39; Chambers v. American Tin Plate Co., 129 F. 561, 64 C. C. A. 129; Atlas Powder Co. v. Benson (C. C. A.) 287 F. 797; 1 Thomp. Negl. § 15; 20 R. C. L. 187; San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 99, 32 S. Ct. 399, 56 L. Ed. 680; The Zulia (D. C.) 235 F. 433, 436, 438, 439; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Sorenson v. Alaska S. S. Co. (D. C.) 243 F. 280, 282; Graaf v. Vulcan Iron Works, 59 Wash. 325, 327, 109 P. 1016; Griffin v. Boston & Albany R. Co., 148 Mass. 145, 19 N. E. 166, 1 L. R. A. 698, 12 Am. St. Rep. 526; Lucid v. E. I. Du Pont de Nemours Powder Co. (C. C. A.) 199 F. 377, 380, L. R. A. 1917E, 182; Delaware & H. Co. v. Dix (C. C. A.) 188 F. 901, 904; Anderson v. McCarthy Dry Goods Co., 49 Wash. 398, 95 P. 325, 16 L. R. A. (N. S.) 931, 126 Am. St. Rep. 870; 21 Am. & Eng. Ency. of Law (2d Ed.) 512; 6 Thompson, Com. on Law of Negligence, §§ 7635, 7636; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. S. 857; Kaples v. Orth, 61 Wis. 531, 21 N. W. 633; Morris v. Strobel & Wilken Co., 81 Hun, 1, 30 N. Y. S. 571; The Joseph B. Thomas (D. C.) 81 F. 578; Taylor v. Peckham, 8 R. I. 349, 91 Am. Dec. 235, 5 Am. Rep. 578; Volkmar v. Manhattan R. Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678; Salisbury v. Herchenroder, 106 Mass.

458, 8 Am. Rep. 354; Scheider v. American Bridge Co., 78 App. Div. 163, 79 N. Y. S. 634; Mentz v. Schieren, 36 Misc. Rep. 813, 74 N. Y. S. 889; McCauley v. Norcross, 155 Mass. 584, 30 N. E. 464; Weller v. McCormick, 52 N. J. Law, 470, 19 A. 1101, 8 L. R. A. 798; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. S. 478; Hammarberg v. St. Paul & T. Lumber Co., 19 Wash. 537, 53 P. 727; Inland & Sea Board Coasting Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270; Adams v. University Hospital, 122 Mo. App. 675, 99 S. W. 453; Connolly v. Des Moines Inv. Co., 130 Iowa, 633, 105 N. W. 400; Weber v. Lieberman, 47 Misc. Rep. 593, 94 N. Y. S. 460; Lubelsky v. Silverman, 49 Misc. Rep. 133, 96 N. Y. S. 1056; 6 Current Law, 772; Williams v. Spokane Falls & N. R. Co., 39 Wash. 77, 80 P. 1100; 3 Thompson's Com. on Law of Negligence, § 2754; La Bee v. Sultan Logging Co., 47 Wash. 57, 60, 91 P. 560, 20 L. R. A. (N. S.) 405; Id., 51 Wash. 81, 82, 97 P. 1104; Cleary v. General Contracting Co., 53 Wash. 254, 101 P. 888; Wodnik v. Luna Park Amusement Co., 69 Wash. 638, 641, 125 P. 941, 42 L. R. A. (N. S.) 1070; 1 Shearman & Redfield on Negligence (5th Ed.) § 59; Russell v. Seattle, Renton, etc., R. Co., 47 Wash. 500, 92 P. 288; Connell v. Seattle, Renton, etc., R. Co., 47 Wash. 510, 92 P. 377; Walters v. Seattle, Renton, etc., R. Co., 48 Wash. 233, 93 P. 419, 24 L. R. A. (N. S.) 788; Pate v. Columbia & P. S. R. Co., 52 Wash. 166, 100 P. 324; Harris v. Puget Sound E. Co., 52 Wash. 289, 100 P. 838; Southern R. Co. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860; Stair v. Kane (C. C. A.) 156 F. 100; Wabash Screen Door Co. v. Black (C. C. A.) 126 F. 721; Central R. Co. v. Peluso (C. C. A.) 286 F. 661; Firebaugh v. Seattle E. Co., 40 Wash. 658, 82 P. 995, 2 L. R. A. (N. S.) 836, 111 Am. St. Rep. 990; Briglio v. Holt & Jeffery, 85 Wash. 155 (9), 147 P. 877; Tubb v. City of Seattle, 136 Wash. 332, 239 P. 1009; St. Germain v. Potlatch L. Co., 76 Wash. 102, 135 P. 804; Frescoln v. Puget Sound Traction, L. & P. Co., 90 Wash. 59, 155 P. 395.

[8] The libelant, while in the employ of the contractor, had a cause of action against the owner, as well as the contractor. The Thomas P. Beal (D. C.) 295 F. 877; West Ison-Grays Harbor Stevedore Co. v. Fountain (C. C. A.) 5 F.(2d) 385, 1925 A. M. C. 961; Hamburg A. P. A. G. v. Gye (C. C. A.) 207 F. 247, Munsey, 5 F.(2d) 58, 1925 A. M. C. 656; The Marshall (Pleckaitis v. Henrik Ostervolze Docking Co. [C. C. A.]) 294 F. 824, 1924 A. M. C. 144; McEachern v. Rothschild & Co.,

135 Wash. 260, 237 P. 711; Alaska Pac. S. S. Co. v. Sperry Flour Mills Co., 107 Wash. 545, 182 P. 634, 185 P. 583.

It is clear from what has been said that judgment must go in favor of the libelant. Is the contractor liable to the owner? The contract in evidence provides, among other things: "The contractor is to fully protect the ship and owners against any and all claims for injury to workmen engaged by him * * * in carrying out work on the vessel." [9-11] The provisions of the contract do not specifically indemnify the owner against his own negligence. Indemnity contracts are not construed against the negligence of the indemnitee unless it clearly so appears. 5 Elliott on Contracts, Sec. 4007. Such contracts should be strictly construed (C. J. 43), the intention being to provide against loss occasioned by the party's own conduct, over which the indemnified has no control, and not acts of negligence of the indemnitee, who has sole control of his own actions and of his agents or employees. North American Ry. Const. Co. v. Cincinnati Traction Co. (C. C. A.) 172 F. 214. See Perry v. Payne, 217 Pa. 252, 66 A. 553, 11 L. R. A. (N. S.) 1173, 10 Ann. Cas. 589. And the amount of the contract ($20,404) should be considered, and fair results, and not harsh and unreasonable, should be presumed. The contractor had no authority or control over the servants of the owner, and in the absence of specific language the court may not extend the general provisions to include acts of the owner or its agents. Mitchell v. Southern Ry. Co., 124 Ky. 146, 74 S. W. 216, 24 Ky. Law Rep. 2388. See, also, Manhattan Ry. Co. v. Cornell, 54 Hun, 292, 7 N. Y. S. 557, affirmed 130 N. Y. 637, 29 N. E. 151; Houston & T. C. R. v. Diamond Press Brick Co. (Tex. Civ. App.) 188 S. W. 32; San Antonio Ry. Co. v. Adams, 6 Tex. Civ. App. 102, 24 S. W. 839; Marshall v. Maryland, etc., R. R. Co., 1 W. W. Harr (Del.) 170, 112 A. 526; Mynard v. Syracuse, 71 N. Y. 180, 27 Am. Rep. 28; Dingledy Lbr. Co. v. Erie R. Co., 102 Ohio St. 236, 131 N. E. 723.

[12, 13] The contractor was bound to furnish libelant a reasonably safe place in which to work. This duty was discharged until the place was made unsafe by the owner, for which act, in the absence of specific stipulations, the owner is liable. Liability in rem is not necessarily coextensive with personal liability of the owner; hence the suggestion that stipulation in issue is meaningless unless applied here is without force.
[14] The disclosed physical condition of libelant and the pain and suffering endured, and reasonable probability of continuance, warrant a judgment of $25,000. Formal judgment against the United States for this sum, together with interest from date of entry, may be presented.