[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 5, 1988, the plaintiff, Shauna Brooks, suffered a fractured femur when she fell on the "Supa-Bounce." The "Supa-Bounce" in this action is an amusement "ride" owned and operated by the defendant Coleman Brothers Show, Inc. — a carnival company that had set up and was running a carnival open to the public.
The plaintiffs' complaint sounds in negligence in the First Count and breach of express and implied warranty in the Second Count. The plaintiffs have alleged in the Second Count that by virtue of its invitation to "the public in general and the plaintiffs in particular to said carnival, the defendant warranted expressly and impliedly that the rides and activities at said carnival including the SUPA-BOUNCE device, were reasonably safe for use by children and that said defendant would provide all necessary and reasonable supervision of the children on said device in order to make its use thereof by children reasonably safe."
The defendant has moved to strike the Second Count claiming that an action in negligence is the only cause of action available to the plaintiffs. The defendant does not cite a single Connecticut case on point. The defendant cites cases from numerous other jurisdictions which support the principle that an owner or one who controls a place of public entertainment is charged with the affirmative obligation to know that the premises are safe for public use and there is an implied warranty that such premises are safe for the purpose for which it is designed. Adams v. Schneider, 71 Ind. App. 249, 124 N.C. 718 (1919): Wodnick v. Luna Park Amusement Co., 69 Wash. 638, 125 P. 941; Schniezer v. Phillipps, 108 App.Div. 17, 95 N.Y.S. 478 (1905).
The plaintiffs have set out facts which support a claim for breach of warranty. It is often true that the same set of circumstances alleged in a complaint support more than one theory of liability. This situation does not force the plaintiffs to select one cause of action over the other, they proceed on both. The motion to strike is denied. I
Thomas V. O'Keefe, Jr. Judge