## THE PACIFIC.

### FAUNTLEROY v. ATLANTIC COAST SHIPPING CO., Inc., et al.

District Court, D. Maryland. November 3, 1927.

No. 1469.

1. **Master and servant ☞124(4)—Stevedore company may accept, as safe, place furnished by ship, and need not make inspection, unless some defect is apparent.**

Stevedore company may accept, as safe place to work, place furnished, and is under no duty to make further inspection, unless some defect is apparent.

2. **Shipping ☞84(3½)—Vessel must furnish stevedores safe place to work and safe appliances to work with.**

Vessel is under duty to furnish stevedores a safe place in which to work, and safe appliances to work with, and, if duty has been properly discharged, ship is not liable.

3. **Shipping ☞86(2⅜)—Doctrine of res ipsa loquitur held inapplicable, where turnbuckle collar fell on winchman; both ship and stevedore company offering evidence rebutting presumption of negligence.**

In libel by longshoreman, injured by fall of barrel or collar of iron turnbuckle from aloft while engaged as winchman in loading ship, doctrine of res ipsa loquitur *held* inapplicable, where stevedore company and ship offered evidence to rebut any presumption of negligence.

4. **Negligence ☞121(2)—Doctrine of res ipsa loquitur applies only where there is apparent negligence, and no evidence offered to rebut it.**

Doctrine of res ipsa loquitur is applicable only where there is apparent negligence, and where respondent has offered no evidence to rebut it.

5. **Shipping ☞86(2⅜)—Longshoreman, injured by fall of collar of turnbuckle while engaged as winchman, loading ship, did not sustain burden of proving negligence of stevedore company and ship.**

In libel by longshoreman against ship and stevedore company for injuries sustained by fall in daytime of barrel or collar of turnbuckle from aloft, while engaged as winchman in loading steamship, libelant did not sustain burden of proving negligence.

In Admiralty. Libel by Griffin Fauntleroy against the steamship Pacific and the Atlantic Coast Shipping Company, Inc. Libel dismissed.

George T. Mister, of Baltimore, Md., for libelant.

Janney, Ober, Slingluff & Williams, of Baltimore, Md., for the Pacific.

W. L. Marbury, L. W. Barroll, and Fendall Marbury, all of Baltimore, Md., for Atlantic Coast Shipping Co.

COLEMAN, District Judge. The libelant in this case was a longshoreman in the employ of the Atlantic Shipping Company, one of the respondents. While engaged as a winchman in the loading of the steamship Pacific at Baltimore, on July 31, 1926, he was injured by the fall, in the daytime, of the barrel or collar of an iron turnbuckle from aloft. This turnbuckle, one of a pair, was used to fasten one end of a cargo boom, not in use at the time, to a cross-tree on the mast, some 40 feet above the deck. The barrel was some 12 or 14 inches long, with a screw and shackle in each end. These screws had a thread of about 6 inches each, which fitted into the barrel. The latter had a hole through its middle, into which a rope could be passed to lash it to the mast, all of which, as appears from the ship's testimony, was done. There is no evidence that this type of turnbuckle was not the kind generally used on such tackle.

The boatswain stated that the buckle was inspected by him personally, with the other rigging, the day before the accident, and that it was tight and sound. The chief officer testified that he had made a similar inspection two or three days before, with the same result. The lashings were also stated to have been in good condition. It appears that the loading had proceeded at a rather unusual speed, continuing all through the night preceding the accident. It was also testified that the winches were running at such a rate as to make the mast vibrate, and that this might have loosened the buckle. No inspection was made, however, during the loading by any one. A fellow stevedore said he saw the buckle in place shortly before it fell, and the boatswain stated he saw it fall. No such accident had ever been known to occur before. The same buckle had been in use for 10 or 12 years. It was replaced and gave no further trouble. There is no proof that it was defective when picked up on the deck, after the accident. The screws remained in their place aloft.

[1] The libel is against the ship and the stevedore company. As to the latter, there seems no ground upon which to charge it with negligence. It may accept as safe the place furnished by the ship, and is under no duty to make a further inspection, unless some defect is apparent. Liverani v. Clark & Son, 231 N. Y. 178, 131 N. E. 881; The Lancaster (oral opinion) 1926 A. M. C. 588; The Student (C. C. A.) 243 F. 807. From the testimony it does not seem possible that any dangerous condition to the turnbuckle would have been apparent to the casual observer. Thus there was nothing to put the stevedore company on notice that an inspection was required.

[2] As to the vessel, it is undoubtedly *its* duty to furnish the stevedores a safe place in which to work and safe appliances to work with. Grays Harbor Stevedore Co. v. Fountain (C. C. A.) 5 F.(2d) 385; Pleckaitis v. Hendrik Ostervolze Docking Co. (C. C. A.) 294 F. 824; Kongosan Maru (D. C.) 282 F. 666. And if this duty has been properly discharged, the ship is no longer liable. Kongosan Maru, supra; The Canadian Farmer (D. C.) 297 F. 500.

[3-5] This case is not properly one for the application of the doctrine of res ipsa loquitur. The respondents have offered evidence to rebut any presumption of negligence. The libelant must prove negligence. A mere showing of the accident is not sufficient. Edgar F. Luckenbach S. S. Co. v. Buzynski (C. C. A.) 19 F.(2d) 871, 1927 A. M. C. 1185. The doctrine of res ipsa loquitur is only applicable where there is apparent negligence, and where the respondent has offered no evidence to rebut it. Atlas Powder Co. v. Benson (C. C. A.) 287 F. 797; Central R. R. of N. J. v. Peluso (C. C. A.) 286 F. 661. A fortiori, this doctrine cannot be invoked to charge the stevedore with liability.

The libelant has not sustained the burden of proving negligence. Therefore his libel must be dismissed.