## BROWN et al. v. LOWDEN et al.
### No. 1323.

District Court, W. D. Missouri, W. D.

Dec. 7, 1942.

Francis O'Sullivan, of Kansas City, Mo., for plaintiff.

Hogsett, Trippe, Depping & Houtz, of Kansas City, Mo., for defendant Frank O. Lowden.

Joseph B. Fleming, of Chicago, Ill., for defendant Railway Co.

REEVES, District Judge.

The question presented by this motion is whether the plaintiffs should be required to set out the negligent act, if any, of the defendants, which it is claimed by the plaintiffs caused the death of their son. It is stated in the complaint that a freight train operated by the defendants was derailed on Saturday, November 15, 1941 and killed

174

the minor son of the plaintiffs while he was sitting as a passenger in the automobile of plaintiffs on a parking lot provided by the defendants for persons having business at defendants' railway station.

By their motion the defendants seek to have the plaintiffs set out wherein they were negligent in causing the derailment of their freight train and the death of plaintiffs' son. It is a clear case of res ipsa loquitur. The train was under the control and management of the defendants. In the ordinary course of things it would not have left its track if those in control had exercised proper care. The following rule has been repeatedly approved: " 'When the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' " Atlas Powder Co. v. Benson, 3 Cir., 287 F. 797, 798; San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680.

The plaintiffs should not be required to specify what caused defendants' engine and train of cars to leave the track. An inspection of the complaint indicates that the defendants should experience no trouble in preparing a responsive pleading. The motion for a more definite statement is therefore overruled.