179 So.2d 658 (1965)
Victor A. ARCHOTE
v.
The TRAVELERS INSURANCE COMPANY.
No. 1882.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1965.
*659 Thomas G. Rapier, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant.
Charles G. Jacques, Jr., and Benjamin J. Birdsall, Jr., New Orleans, for plaintiffappellee.
Before McBRIDE, REGAN and CHASEZ, JJ.
CHASEZ, Judge.
This suit was filed against The Travelers Insurance Company, alleging that negligence on the part of their insured resulted in an accident causing plaintiff injury. The trial court rendered a judgment in favor of plaintiff and defendant appeals.
In this court the question was raised as to possible warranty, but the jurisprudence has treated injuries arising from the use of amusement facilities as tort actions. Sistrunk v. Audubon Park Natatorium, La. App., 164 So. 667; Cavicchi v. Gaiety Amusement Co., La.App., 173 So. 458; Gilliam v. Serrano, La.App., 162 So.2d 32. If the present action were one in contract, we would have no difficulty in finding liability and defendant so concedes in brief.
Plaintiff, a frequent patron of the Tunnel Bar and Pool Room, entered that establishment shortly before noon on Saturday, December 21, 1963, to play a few games of pool as he was accustomed to do "nearly every Saturday morning." All cue sticks were being used so he had to wait. Some time later an acquaintance surrendered his cue to plaintiff. While the stick was not as straight as it might have been there were no others available and plaintiff used it until other patrons who had been playing at another table left the hall. Plaintiff exchanged his cue for one of theirs, sighted it for "straight," chalked the tip, and took a single hard shot. The cue stick either broke or came apart in the middle of the shaft and the splintered end of the stick rammed into his thumb about an inch and a half under the skin along the knuckle.
The Tunnel Bar and Pool Room is a neighborhood establishment consisting of two rooms. The bar is in one; the pool room, containing two tables, is in the other. The pool room cannot be observed from behind the bar, and the bartender was the only attendant present. Customers playing pool have to leave the pool room and go to the bar to pay for their games. As was stated by the trial judge in his reasons this was not a "fine club." The clientele often mistreated the equipment and the proprietor had knowledge of this fact. This mistreatment consisted of banging the pool cues against the floor, the walls, and a brick pillar in the room, and could and did result in breaking or cracking the cue sticks. There is no dispute that this particular cue stick was damaged or broken when plaintiff picked it up although plaintiff was unaware of this fact. There is no evidence as to how it was damaged or broken nor by whom, but apparently it was believed that the stick was probably damaged or broken by the patron who had been using it immediately prior to plaintiff, and was stuck together to avoid immediate discovery; *660 however, there is no credible evidence in the record to this effect. In any event, there is no dispute that the pool cue was broken.
The applicable general law seems clear. The duty of the proprietor of an amusement place to his patron is that of a business invitee. He impliedly represents that he had used reasonable care in inspecting and maintaining the premises and equipment furnished by him and that they are reasonably safe for the purposes intended. Alexander v. General Accident Fire & L. Assur. Corp., La.App., 98 So.2d 730; Dyer v. Stephens Buick Co., La.App., 125 So.2d 185. The extent of this duty is correctly stated in 4 Am.Jur., 2d, Amusement and Exhibitions § 89:
"The owner or operator of an amusement ride or device must inspect and test his equipment both properly and frequently to ascertain whether it is safe for patrons to use, and the mere fact that the ride or device was constructed with a large margin of safety does not affect this duty. The inspection must be adequate, according to the circumstances, to be reasonably careful; and if a proper test would have disclosed the defect, he is liable for injuries resulting therefrom, regardless of whether the defect was latent or patent. If he fails to exercise reasonable care to see that the equipment is maintained in a fit condition, and it becomes unsafe in fact, his actual knowledge or ignorance of the defect is immaterial. But if a proper degree of care in the way of tests would not have disclosed the defect, there is no liability."
Defendant's insured testified that he personally inspected all cue sticks after closing at midnight every night. The trial judge indicated some doubt as to the veracity of this testimony, but assumed that even if such an inspection was made, under the circumstances of this case, it was inadequate to discharge the proprietor's obligation.
Defendant argues that "foreseeability" of the accident in this case is necessary to the existence of a duty on defendant. It seems to us however that defendant's "duty" is as stated above, and that the question of "foreseeability" relates more to whether or not there has been a breach of duty.
The court's finding that defendant was negligent herein is correct. Defendant knew of the tendency of his clientele to break or crack cue sticks; he should have known that a sliver-type injury was not an unreasonable expectation under the circumstances, and because this injury was more severe then might have been expected does not excuse him. The trial court felt that as long as the proprietor should have foreseen that an accident could happen as a result of a broken cue stick, and he knew that broken cue sticks did occur on the premises, the duty he owed his patrons to see that they were not injured went beyond a single inspection every twenty-four hours, and we find ourselves in agreement. We believe there was sufficient indication prior to the injury herein, of conduct and conditions from which the proprietor could reasonably anticipate resulting harm to his patrons, and the mere fact that the accident that did occur was extraordinary does not relieve defendant from liability. Atkins v. Bush, 141 La. 180, 74 So. 897 at p. 899; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670.
We believe that the presence of an attendant, or at least unobstructed observation of the room by the bartender, would have resulted in the instant discovery of the broken cue stick and the stick should have been immediately removed from play.
Defendant's second contention on this appeal is that plaintiff had "assumed the risk" because of the frequency of his visits to the establishment and his general familiarity with the premises and conditions *661 therein. Once again we must disagree for we do not believe that a patron of a place of public amusement is obliged to make a critical examination but has a right to assume that proper precautions for his safety have been taken. Wodnik v. Luna Park Amusement Co., 69 Wash. 638, 125 P. 941; 22 A.L.R. 610, 616.
While the defendant did not discuss quantum in brief, counsel did suggest in oral argument that should this court affirm the judgment of the district court, the amount awarded by that court was excessive. The district judge concluded from the medical evidence that the plaintiff was unable to work for approximately 20 weeks and, based on plaintiff's evidence that his average earnings were $80.00 a week, awarded him $1,600.00 for loss of wages; for pain, suffering and residual disability, the court awarded the sum of $1,000.00 based primarily on the medical evidence. The full judgment was for the sum of $2,714.00, with legal interest from judicial demand until paid and all cost of the proceedings; and it further provided that expert fees of $100.00 each to Dr. Bryon M. Unkauf, Dr. Duncan Parham, Dr. Russell Grunsten and Dr. Louis J. Gebhauer as medical experts was to be paid by defendant, such fees to be taxed as costs; and provided further that the sum of $80.00 covering cost of taking testimony during the trial, but out of court, would likewise be assessed as court costs.
We are of the opinion that the award made by the district judge for the injury to the plaintiff, the pain and suffering sustained by him and loss of wages is reasonable and is borne out by the evidence. Therefore, the judgment of the district court in favor of the plaintiff, Victor A. Archote, and against the defendant, The Travelers Insurance Company, in all respects is affirmed. All costs of this proceeding shall be paid by defendant-appellant.
Affirmed.