292 So.2d 354 (1974)
Leroy J. LEFORT
v.
PONCHATOULA BEACH DEVELOPMENT CORPORATION and John E. Welles.
No. 9706.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
*355 Benjamin J. Birdsall, Jr., New Orleans, for appellant.
Jules G. Mollere, Metairie, for appellees.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
CRAIN, Judge.
The matter before us arises from a diving accident which occurred on July 17, 1971. The plaintiff-appellant, Leroy G. Lefort, was a patron of the Ponchatoula Beach Development Corporation at the time of the accident. In the suit before us, he claims damages from defendants-appellees, Ponchatoula Beach Development Corporation and John E. Welles, who is its majority stockholder, for personal injuries received as a result of the accident. The trial court found that there was no negligence on the part of the defendants and plaintiff's suit was dismissed at his cost. From this decision, plaintiff-appellant has appealed.
The record reveals that the appellant, along with members of his family and a friend's family, picnicked at Ponchatoula Beach on July 17, 1971. This beach is a recreational facility owned and operated by the defendants. The owner had placed a pontoon platform in the Tangipahoa River and had constructed a diving board on the *356 platform for the use of patrons of the beach. The appellees maintain a lifeguard on duty at all times on the platform whose function is to watch over the swimmers and in general to insure the safety of patrons using the platform. The pontoon platform itself is a large floating structure which is held in place by two large steel chains weighing anywhere from 500 pounds to 700 pounds. These chains serve as an anchor to prevent the platform from moving in the river.
The facts reveal that on the day in question, the depth of the water in the Tangipahoa River under the diving area was approximately five feet. The appellant along with several other persons were making use of the diving board on the platform. The lifeguard, Charles Spangler, who was on duty at the time testified that immediately prior to the accident the appellant and a group of other people had been diving from the board for approximately 45 minutes. He further testified that the divers, including the appellant, were doing trick dives, back flips, cutaways, and other dives which resulted in a greater depth of entry into the water than ordinary dives. He testified that realizing the shallowness of the water and the nature of the dives they were performing, he cautioned them regarding the danger present. Nevertheless, the diving was continued and a few minutes later the appellant, while doing a back flip dive in which he entered the water feet first, apparently struck his foot and ankle on the bottom resulting in a fractured ankle. Spangler in his testimony, and several other witnesses in their testimony stated that there were conspicuous signs on the pontoon platform stating, "Caution, shallow water." Two of these signs were located immediately in front of and on the entrance or step-up to the diving board so that anyone undertaking to use the board would necessarily be confronted with the signs.
Appellant contends that the defendant-appellees were negligent in allowing a diving facility to be used in water of five feet depth. Also they contend that if there was not negligence in allowing diving in water of this depth, that the defendant-appellees were negligent in failing to warn or caution the appellant regarding the danger and hazards in using certain dives in water of that depth.
The law applicable to the case at bar is well summarized in the case of Archote v. Travelers Insurance Company, La.App., 179 So.2d 658. In that case it was stated that,
"The applicable general law seems clear. The duty of the proprietor of an amusement place to his patron is that of a business invitee. He impliedly represents that he had used reasonable care in inspecting and maintaining the premises and equipment furnished by him and that they are reasonably safe for the purposes intended . . ." 179 So.2d at 660.
The facts seem clear that the equipment including the diving platform and the board itself were in reasonably good condition. Also the record clearly reveals that the personnel employed by the defendants knew the depth of the water from which the dives were being made and considered this a safe depth for normal dives. Testimony was unequivocal regarding the absence of any diving accidents over the long period of time since the Ponchatoula Beach area was first developed. The record clearly reveals that the water remained at this depth for the three summer months. Consequently, the long history of diving safety at the beach is proof in itself that diving can safely be carried on at the water level present at the time of the accident. Thus, there was no duty on the part of appellants to close the platform to diving, and it was not negligence to allow *357 diving in the water depth present at the time of the accident.
As regards the allegation of failure to adequately warn the appellant, we simply note that there were caution signs in place and very conspicuous for anyone using the diving board. Also verbal notice of the water depth was given Lefort by the lifeguard. Consequently, we agree with the trial court that there was no negligence on the part of appellees herein.
For the reasons given, we affirm the trial court's holding dismissing appellant's suit at appellant's cost.
Affirmed.